No. 45,617

State of Kansas, *Appellee*, v. Raymond Stuart, *Appellant*.

(468 P. 2d 240)

Opinion filed April 11, 1970.

*Russell Schultz,* of Wichita, was on the brief for appellant.

*Jerry M. Helberg,* county attorney, argued the cause, and *Kent Frizzell,* attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

Fatzer, J.: This is an appeal from a conviction of burglary in the second degree. (K. S. A. 21-520.)

Near midnight on December 3, 1967, the appellant, Raymond Stuart, entered the Hill City Elks Club, Lodge No. 1995, in Graham County, by slipping the lock of an outside door with a pocketknife.

The appellant was a part time employee of the club and on occasion had custody of keys to the club, but at the time of his entry on December 3, he was not on duty, nor did he have the keys in his possession.

After the appellant entered the club, he closed the door, went over to the lodge room where he knew money was kept, and spread a handkerchief on the floor and placed a money sack beside it. The club was dark, and the appellant used his flashlight.

The appellant was confronted by Virgil Schulte, the manager of the club, who turned the lights on, and by Elwood Sellens, the chief of police of Hill City and a Graham County deputy sheriff. Both men were present in the club for the reason Schulte had suspected someone was taking money from the club.

A search of the appellant revealed a small pocketknife, his flash-

light, and a few coins; none of which were introduced into evidence at the trial.

Mr. Otto Kobler, an officer of the club, was called and after he arrived, a brief discussion took place between the persons present. At the trial no evidence was offered by either party as to what was said at that time.

Appellant was told to go home and not to speak to anyone about what had happened, and that the matter was to be kept within the Elk Family.

Thereafter, two meetings were held between the appellant and various members and representatives of the club for the purpose of attempting to recover funds from the appellant which had previously been taken from the club. At those meetings the appellant admitted the taking of other sums of money.

After collecting a small amount from the appellant in partial settlement, and on February 20, 1968, the present charges were filed. Following conviction by a jury, this appeal was perfected.

The appellant first contends the district court erred in allowing members of the Elks Lodge to retain seats on the jury. In researching the point, it is observed the briefs of the appellant and the appellee were inconsistent in their statement of the facts. To resolve the conflict, we obtained from the clerk of the district court the complete transcript of the proceedings, and upon examination, find appellant's brief to be misleading on the point.

Pursuant to K. S. A. 62-1412, 24 jurors were passed for cause before any peremptory challenges were required to be made by either party. The appellant claims of those 24, three were members of the Elks, two were members of the ladies Elks auxiliary, and one, a Mr. Hull, was a former member of the Elks who admitted having an opinion. The appellant also states that apparently Hull sat on the jury which reached a verdict in the case. The statement is not correct. Mr. Hull, as well as the above mentioned persons, were all excluded from the jury which tried the case.

It is noted only two members of the jury had any connection whatsoever with the Elks Lodge. One was a member of the ladies auxiliary, and one was the wife of an Elks member. Both of those persons were passed by appellant's counsel on *voir dire* and at no time were they challenged for cause because they were prejudiced or had an opinion in the case.

If a person has no opinion of a positive character upon a material,

disputed fact or issue to be determined, and if he is free from prejudice, bias or interest, he is a suitable person for jury service. Whether a prospective juror is qualified to sit in the trial of a case is a question for determination by the court, and its ruling will not be disturbed unless there has been an abuse of its discretion. (K. S. A. 62-1410: *State v. Williams,* 182 Kan. 468, 322 P. 2d 726.)

The allegations made by the appellant with respect to the selection and composition of the jury are clearly without merit.

The appellant next contends he was not advised of his rights at the time he was apprehended in the club. The point is not well taken. By his own testimony at the trial, there was no interrogation at the time he was apprehended, and the only evidence introduced which was obtained at that time was the handkerchief and money sack which the appellant had laid on the floor, and those items were not obtained by a search of his person. There is absolutely no evidence in the record supporting appellant's claim.

The appellant also contends the district court erred in receiving testimony as evidence of admissions against interest made by the appellant to representatives of the Elks Lodge when attempts were made to recover funds from him which had previously been taken from the club.

A few days after the burglary, representatives of the Elks met with the appellant to talk about settling the amount of money they claimed he owed the club. At that meeting, the appellant wrote a personal check to the club for $150 and forfeited some pay owed to him by the club. He also made certain admissions which he claims were made in partial consideration of his not being prosecuted. However, testimony by other witnesses present at that meeting was to the contrary, and it is clear no one with whom appellant met had authority to prevent his prosecution for the crime allegedly perpetrated.

No incriminating statements or admissions were made while the appellant was in the custody of police officers. There is no evidence or indication that representatives of the Elks were acting on behalf of the police to entrap appellant into making admissions against interest, and the *Miranda* rule relied upon by the appellant has no application.

The *Miranda* rule applies to confessions and admissions, however, the guidelines of *Miranda* do not apply when admissions by the accused are made to persons other than law enforcement officers,

or their agents. Volunteered statements obtained without any "process of interrogation" on the part of officers are admissible—they are not barred by the Fifth Amendment. See *State v. Law,* 203 Kan. 89, 452 P. 2d 862, and *State v. Little,* 201 Kan. 94, 439 P. 2d 387, where it was held:

"An incriminating statement voluntarily made by an accused in custody in response to a question by the victim of the crime, although made in the presence of law enforcement officers, does not stem from 'custodial interrogation,' and its admission into evidence is not subject to the requirements set forth in *Miranda v. Arizona,* 384 U. S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602." (Syl. ¶ 3.)

The appellant admitted at the trial the unlawful breaking and entering in the nighttime of a building in which valuable goods were kept, and the jury was justified by the evidence in inferring an intent to steal or commit a felony therein, and in rendering a verdict of guilty of burglary in the second degree.

There was no error in the overruling of appellant's motion for a new trial, and the judgment is affirmed.