No. 45,617

STATE OF KANSAS, *Appellee,* v. RAYMOND STUART, *Appellant.*

(476 P. 2d 975)

Opinion on rehearing filed November 7, 1970.   (For original opinion of affirmance see 205 Kan. 174, 468 P. 2d 240.)

*Russell Schultz,* of Wichita, argued the cause and was on the brief for the appellant.

*Jerry M. Helberg,* county attorney, argued the cause, and *Kent Frizzell,* attorney general was with him on the brief for the appellee.

The opinion of the court was delivered by

FATZER, J.:  This is an appeal from a conviction of burglary in the

second degree. (K. S. A. 21-520.) The appeal was first heard in March, 1970, and the opinion was filed April 11, 1970. See *State v. Stuart,* 205 Kan. 174, 468 P. 2d 240.

On May 25, 1970, a rehearing was granted on motion of the appellant. For purposes of rehearing, the parties were requested to file briefs in answer to special questions submitted by the court. Only the appellant filed a brief in conformance. Reargument was had by both parties before the court in the October 1970 Session.

Upon further consideration of the case, the court is now of the opinion that under the facts and circumstances of the case, the appellant did not receive a fair trial, and the opinion filed April 11, 1970, should be and is hereby withdrawn, vacated and set aside.

Only the facts pertinent to the issues discussed in the reargument are stated, and the reader is referred to the prior opinion for additional facts of the case.

First, appellant urges reversal for the reason that of the 24 jurors passed for cause, nine were either Elks, Lady Elks, or former members and closely associated with the Elks Club. The 24 jurors were passed before any peremptory challenges were made.

Under the provisions of K. S. A. 62-1412, the court shall cause enough jurors to be called, examined and passed for cause before any peremptory challenges are required, so that there will remain sufficient jurors, after the number of peremptory challenges allowed by law for the case on trial shall have been exhausted, to enable the court to cause twelve jurors to be sworn to try the case.

Absent a request by either party, no specific number must be passed for cause before a defendant exercises his peremptory challenges, however, prospective jurors who are not free from bias, prejudice or interest and who may have admitted to having an opinion in the case should not be passed for cause.

An information alleging an offense against the person or property of another renders that person incompetent as a juror. (K. S. A. 62-1406.) A challenge of a juror for cause may be tried by the court if he is alleged to have been injured by the crime charged. (K. S. A. 62-1410.)

It is fundamental that every litigant is entitled to have his rights fairly and impartially determined, and it is the duty of a trial court to see that a jury of competent, fair and impartial persons is impaneled. (50 C. J. S., Juries, § 208 a, pp. 944, 945.)

Statutes which enumerate certain causes as disqualifying a prospective juror (K. S. A. 62-1406) are not exclusive of other causes

which may imply disqualifying bias or prejudice of the prospective juror, and such statutes do not deprive courts of their inherent right to declare that such other causes also require dismissal of a prospective juror in order to insure that litigants will have a fair and impartial trial. (50 C. J. S., Juries, § 208 b, pp. 945-947.)

In determining if an implied cause exists for disqualification of a juror, the facts and circumstances of each case must be considered. Of the twelve jurors hearing the case, two ladies (Lady Elks) had connection with the Elks Club although no member of the Elks Club sat on the jury. Those persons remained on the jury which tried the case after appellant had exercised the six peremptory challenges allowed by law. It is urged that nine persons of the initial 24 should not have been passed for cause for the reason they had connection with and interest in the outcome of the case.

There is no doubt but that the Elks Club had an interest in the outcome of the prosecution. The state's case was presented on behalf of the Elks Club, in part, by a special prosecutor who was in fact employed and compensated by the Elks Club. Evidence introduced at the trial was discovered and presented by members of the Elks Club and the case was tried by two persons connected with the Club, from which it may be inferred the Elks Club had an interest in the prosecution.

In a community such as Hill City, the Elks Club serves as a community meeting place and social center. In such a situation, connection with an organization may be so close as to constitute an interest which would prevent an impartial determination of a legal issue in which the organization is interested.

Burglary is a crime against property, and ownership of the property burglarized gives rise to an interest in the outcome of the case. We think under the facts and circumstances here presented, the rule is applicable that in a prosecution for burglarizing the property of an association, membership in the association constitutes a disqualifying interest on the part of prospective jurors. (*State v. Thomlinson*, 78 S. D. 235, 100 N. W. 2d 121, 77 A. L. R. 2d 1229; *Sovereign Camp W. O. W. v. Ward*, 196 Ala. 327, 71 So. 404.) The same may be said of persons so closely connected with the organization that they may not be in a position to enter the jury box with an open mind, free from bias or prejudice in favor of or against either party and such bias may be inferred from interest in the result of the case where the interest is not too minute or too remote. To this end,

the juror is not the judge of his own qualifications. (*Kendell v. Prudential Insurance Co. of America*, 327 S. W. 2d 174, [Mo.].)

The object of the law is to secure jurors whose minds are wholly free from bias or prejudice for or against the accused. This is the very basis for the great weight and sanctity given to their verdicts. Those who administer the law must respect its wise and salutary rules of procedure, in order that like respect for law and order may be inspired in others. So basic and fundamental are our traditional requirements of fair trials of criminal cases by impartial juries that we should not split hairs and construct legal bases lacking in substance in determining qualifications of jurors for trials of such cases. The power of the court to reject jurors is not limited to a decision of the strict legal question of qualifications of the jurors, or confined to the enumerated grounds of challenge; but the court's power may be exercised for any cause which the court in its discretion deems sufficient to render the juror unfit to serve. (50 C. J. S., Juries, § 249, p. 1006.) The jurors complained of should have been dismissed for cause upon the objection of the appellant made before the *voir dire* of the jury.

There exists other circumstances giving rise to prejudice to the appellant. The alleged crime occurred on December 3, 1967, but a complaint was not filed until February 20, 1968. During the interim, negotiations were had with the appellant for purposes of settlement and repayment of sums of money it was thought appellant had taken at times previous to his entrance of the Elks Club on December 3. One member of the Elks Club testified he did not know how much appellant had taken from the Club, but certain sums were mentioned, payment of which would insure appellant would not be prosecuted. Testimony reveals the amounts in settlement ranged from $150 to $15,000.

The evidence indicates appellant was induced during the meetings to admit to the taking of certain sums in exchange for a promise that he would not be prosecuted if the matter was settled. Members of the Elks Club were sure they could recover money from the appellant and unless he did something to meet the demands, he would be prosecuted.

In a criminal proceeding against an accused, a previous statement by him relative to the offense charged is inadmissible if the judge finds the statement was made under threats or promises concerning action to be taken by a public official with reference to

the crime, likely to cause the accused to make such a statement falsely, and made by a person whom the accused reasonably believed to have the power or authority to execute the same. (K. S. A. 60-460 [f] [2].)

Under the circumstances and because of the apparent sanction given the action of Elks members by the county attorney, the appellant was justified in believing he would be criminally prosecuted if he did not admit to the taking of money. All evidence collected by Elks members was received by the county attorney and used in the prosecution of the appellant. The effect of the entire series of events was that the Elks did all which is usually done by persons whose duty it is to enforce the criminal laws of the state.

The duty evolves upon the state and not private individuals to instigate criminal prosecutions. Private parties are not prohibited from giving aid or assistance in the prosecution of criminal matters, but where, as here, prejudice results, the appellant, under the total circumstances of the case, did not receive a constitutionally fair trial.

The judgment of the district court is reversed with directions to grant the appellant a new trial.

It is so ordered.