**STATE of Maine**

v.

**David TARDIFF.**

Supreme Judicial Court of Maine.

June 20, 1977.

Joseph M. Jabar, Dist. Atty., Augusta, for plaintiff.

Wathen & Wathen by Malcolm L. Lyons, Augusta, for defendant.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

ARCHIBALD, Justice.

The defendant has appealed his convictions, premised on jury verdicts, of two counts of breaking, entering and larceny (17 M.R.S.A. § 2103) and one count of breaking, entering with intent to commit larceny (17 M.R.S.A. § 754). The only issue presented by this appeal is whether the presiding Justice committed error in ruling that the defendant's confession was made voluntarily and was, therefore, admissible at trial.

We sustain the appeal.

On October 6, 1975, three homes in Augusta were burglariously entered. Although police officials suspected that the defendant was involved in these crimes, no attempt was then made to apprehend him. On October 15, 1975, the defendant voluntarily appeared at the Augusta Police Department and requested an interview with a certain police captain. The defendant was informed that the captain was not in but was expected later. The defendant then asked for a ride to an appointment he

had that afternoon, and a police cruiser was dispatched for this purpose.

Eventually the defendant telephoned the police department and requested that a cruiser be sent to drive him back to the police station. This was done and, upon his return to police headquarters, the defendant did speak to the captain and also to a police sergeant. During the course of this conversation the defendant made no specific admissions with respect to his involvement in the activities of October 6th, although those crimes were discussed.

Ultimately, the defendant was driven home by the sergeant who testified that while en route he made the following statements to the defendant:

"I advised him that we were willing to help him if, in any way, we could, that we would come back down and talk with the Captain, and I felt sure that the Captain would agree with me that we would charge him with one break, if he were willing to clear up all the matters that he had pending."

Thereupon, the defendant agreed to return to the police station and talk with the captain once again. Upon arriving at the police station and after being routinely informed of his rights pursuant to *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), the defendant made a full confession of his involvement in the unlawful entries.[1]

After a hearing and despite the undisputed accuracy of the above quoted statement, the presiding Justice found, beyond a reasonable doubt, that the defendant's confession was freely and voluntarily given and allowed the jury to hear it.[2]

1. The captain testified that he was aware that the sergeant's statement had been made to the defendant. Moreover, the defendant was assured by either the captain or the sergeant that he would be permitted to select the particular offense with which he would be charged.

2. "THE COURT: The Court is faced with determining whether or not the admission or confession as made by this respondent was voluntary or involuntary; and proof, as I understand it in

Our discussion of the relevant legal principles governing the admissibility of confessions induced or elicited by promises of leniency must begin with the United States Supreme Court decision in *Bram v. United States,* 168 U.S. 532, 18 S.Ct. 183, 42 L.Ed. 568 (1897). In *Bram* the Court stated that a confession, in order to be free and voluntary, "must not be . . . obtained by any direct or implied promises, however slight, nor by the exertion of any improper influence." 168 U.S. at 542–43, 18 S.Ct. at 186–87. That a confession which has been extracted from a defendant as the result of assurances or promises of leniency is inadmissible, is well established. *Malloy v. Hogan,* 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964), *citing* with approval *Bram, supra.* See also *State v. Castonguay,* 240 A.2d 747, 752 (Me.1968); *State v. O'Donnell,* 131 Me. 294, 299, 161 A. 802, 804 (1932).

In *State v. Smith,* 277 A.2d 481, 490 (Me.1971), we stated the rule simply:

"The test of the admissibility of confessions is whether they were extorted from the accused by some threat or elicited by some promise (such would be involuntary and inadmissible), or were made from a willingness on the part of the accused to tell the truth and relieve his conscience (such would be regarded as voluntary and admissible)."

The voluntary or involuntary nature of a confession is a question of fact to be determined by the presiding Justice under the caveat that the voluntariness thereof must be established beyond a reasonable doubt by proof adduced by the prosecution. *State v. Collins,* 297 A.2d 620, 636 (Me.1972). Furthermore, we will not reverse the determination of the presiding Justice where "the evidence provides rational support for the conclusions he reached." *State v. Col-*

the State of Maine, is beyond a reasonable doubt. The question is whether or not this respondent, at the time of the statement knowingly waived his constitutional privilege against self incrimination by choosing freely and knowingly to provide self condemnation, by utterance from his own lips. The Court finds that the statements were made by him on a voluntary basis, and I so rule."

lins, *supra* at 625. *See also State v. Wallace,* 333 A.2d 72, 78 (Me.1975).

An inducement to confess is improper when a promise of benefit or reward has been made or implied by one whom the accused could reasonably believe had the authority or power to execute it. *See, e. g., State v. Stuart,* 206 Kan. 11, 476 P.2d 975, 979 (1970). Mere admonitions or exhortations to tell the truth will not, by themselves, render a confession involuntary. *Crooker v. California,* 357 U.S. 433, 437, 78 S.Ct. 1287, 1290, 2 L.Ed.2d 1448 (1958); *People v. York,* 537 P.2d 294, 296 (Colo. 1975). Furthermore, not every promise of leniency will render a confession involuntary. A confession, otherwise freely and voluntarily made, is not vitiated by a promise of leniency unless such promise was the motivating cause of the confession. *See, e. g., Hunter v. Swenson,* 372 F.Supp. 287, 300 (W.D.Mo.1974); *State v. Strickland,* 113 Ariz. 445, 556 P.2d 320, 324 (1976); *State v. Pressley,* 266 N.C. 663, 147 S.E.2d 33, 35 (1966); *People v. Lettrich,* 413 Ill. 172, 108 N.E.2d 488, 490 (1952); *People v. Boles,* 221 Cal.App.2d 455, 34 Cal.Rptr. 528, 530 (1963). In determining whether a confession was the product of improper inducements, all of the circumstances attending the making of that confession must be examined. *See Haynes v. Washington,* 373 U.S. 503, 513, 83 S.Ct. 1336, 1343, 10 L.Ed.2d 513 (1963).

In light of the foregoing legal principles and after a careful review of the record in this case, we conclude that the defendant's confession was involuntary as a matter of law. Initially, we view the statement made to the defendant as constituting a positive promise that if he made a full confession, the number of offenses with which he could be charged would be reduced to one. *See, e. g., Grades v. Boles,* 398 F.2d 409, 411–12 (4th Cir. 1968); *M.D.B. v. State,* 311 So.2d 399, 401 (Fla.Dist.Ct. App.1975); *People v. Anonymous B,* 56 Misc.2d 792, 290 N.Y.S.2d 507, 511 (1968). Although there was testimony indicating that the defendant may have been contemplating confessing, the fact remains that he did not do so until after he had been led to believe by the police that he would be charged with only one offense of his own choice, rather than three. The evidence thus establishes a legally impermissible promise of leniency by the police which preceded the defendant's confession.

The fact that the defendant was informed of his *Miranda* rights prior to making his confession does not cure the improper inducement which led to it. *See M.D.B. v. State, supra.* The police did not attempt to retract the promise of leniency made to the defendant, nor did they at any time make clear to him that they had no authority to determine which or how many charges would be brought against him.

The presiding Justice's conclusion that the defendant freely and voluntarily " 'waived' his constitutional privilege against self-incrimination," is not binding on us since the record clearly reveals that a promise of leniency was, in fact, made to the defendant and was relied upon by him in making his confession. The determinative issue here is not that the defendant chose to speak, but rather that his decision to do so was improperly induced by a promise of leniency. The evidence, rather than providing rational support for the presiding Justice's ruling, compels the conclusion that the defendant's confession was improperly obtained. *State v. Collins, supra* at 625.

We conclude, therefore, that the defendant's confession was involuntary and inadmissible.

The entry is:

Appeal sustained.

All Justices concurring.