STATE of Maine

v.

Gregory J. O'BRIKIS.

Supreme Judicial Court of Maine.

Argued Nov. 19, 1980.

Decided March 12, 1981.

Susan Cole (orally), Paul D. Mathews, Asst. Dist. Attys., Skowhegan, for the State.

Roger B. Sherman, Gail Ogilvie (orally), Asst. Attys. Gen., Augusta, for Dept. of Mental Health and Corrections.

Richard S. Sterns, Skowhegan, for defendant.

Before McKUSICK, C. J., and WERNICK, GODFREY, NICHOLS, GLASSMAN and ROBERTS, JJ.

WERNICK, Justice.

Convicted of the crimes of burglary and theft, Gregory J. O'Brikis was sentenced, on January 13, 1977, to two consecutive five year terms in the Maine State Prison. On March 10, 1980 the Department of Mental Health and Corrections, acting pursuant to 17–A M.R.S.A. § 1154,[1] petitioned the Superior Court (Somerset County) to "resentence" O'Brikis. The petition stated that during his incarceration O'Brikis has made significant progress toward a non-criminal way of life and that in light of this fact, as now ascertained, the sentencing justice may have mistakenly forecast the length of time O'Brikis should be confined to protect the public against him as an "offender."

At the hearing on the petition, held April 14, 1980, the presiding justice expressed his concern that the legislature may have violated the constitutionally mandated separation of governmental powers when it empowered a judge to reduce, or otherwise adjust, a sentence he had imposed after it was in course of being served; authorizing a court so to act might be authorizing judicial exercise of the "pardon" power given exclusively to the Governor by Article V, Part First, Section 11 of the Constitution of Maine. The presiding justice stated that he wanted to have this constitutional issue decided by the Law Court as soon as possible. To this end, having obtained the agreement of all parties, the justice embarked on the project of having the case submitted to the Law Court by a Report, for the Law Court to decide the following doubtful and important question of law:

"Is 17–A M.R.S.A., Sect. 1154, a violation of Art. V, [Part First] Sect. 11, of the Maine Constitution in that it purports to confer upon the judiciary power reserved to the Governor?"

In thus undertaking to proceed by Report, the presiding justice faced the following dilemma. If he chose to order a Report without himself having first ruled on the issue of law being reported, the Report could not be pursuant to Rule 37A(b) M.R. Crim.P., since it requires an interlocutory order, or ruling, in which the question of law reported for decision is involved.[2]

---

1. In relevant part, 17–A M.R.S.A. § 1154 provides:

   "*1.* When a person has been sentenced to imprisonment for a term in excess of one year and such imprisonment has not been suspended, the sentence shall be deemed tentative, to the extent provided in this section.
   "*2.* If, as a result of the department's evaluation of such person's progress toward a noncriminal way of life, the department is satisfied that the sentence of the court may *have* been based upon a misapprehension as to the history, character or physical or mental condition of the offender, or as to the amount of time that would be necessary to provide for protection of the public from such offender, the department may file in the sentencing court a petition to resentence the offender. The petition shall set forth the information as to the offender that is deemed to warrant his resentence and shall include a recommendation as to the sentence that should be imposed."

2. Rule 37A(b) provides:

   "If the court is of the opinion that a question of law involved in an interlocutory order or ruling made by it in any action ought to be determined by the Law Court before any further proceedings are taken therein, it may, on motion of an aggrieved defendant, report the case to the Law Court for that purpose and stay all further proceedings except such as are necessary to preserve the rights of the parties without making any decision therein."

Moreover, unless there were a ruling by the justice on the question, there was no possibility that a Report in this case could lie under Rule 37A(a) M.R.Crim.P., since without a ruling by the justice, it could not eventuate, here, that the Law Court's decision of the reported question of law

"would in at least one alternative result in a final disposition of the action in favor of the defendant." [3]

A decision by the Law Court that the power to "resentence" was unconstitutional, albeit a "final disposition of the action", would not be a disposition "in favor of the defendant." A decision in the other alternative that the resentencing power was constitutionally conferred, though a disposition in favor of the defendant, would not be a "final disposition of the action"; the Law Court could not do the resentencing sought by the petition.

Confronted with this difficulty, the presiding justice apparently concluded that in order to have a Report in the present context that could be given cognizance by the Law Court, he must himself make a decision that would involve a ruling on the issue of law he would ask the Law Court to decide.

Thus deeming himself obliged to rule, it would seem that the justice further concluded that because he wanted to rule in favor of the defendant,—to resentence him, —he could not order a Report pursuant to Rule 37A(b), a requisite of which is a "motion" for such report by an "*aggrieved* defendant." (emphasis added)

Hence, the only Report alternative that appeared possible to the presiding justice was a Report pursuant to Rule 37A(a). Attempting to meet the 37A(a) requirement that the case as reported be in such posture that the decision of the Law Court "would

in at least one alternative result in a final disposition of the action in favor of the defendant", the justice determined that O'Brikis should be resentenced.[4] Accordingly, he resentenced him to two consecutive five year terms of imprisonment, and, ascertaining that he had already served the first, and was now serving the consecutive, five year sentence originally imposed, the justice suspended the execution of the originally imposed *consecutive* sentence and commitment and placed O'Brikis on probation for two years. The justice further ordered that "judgment and commitment on the resentencing is stayed pending decision" by the Law Court on the Report. The justice thus made a final determination, and the judgment entered on his determination was a final, not an interlocutory, judgment.

Despite the care with which the presiding justice acted to seek to assure that the instant Report be given cognizance by the Law Court, we must conclude that he erred, and we must discharge the report.

The justice's basic mistake was his conception that even though he had ruled on the question of the law he wanted the Law Court to decide on Report, he still had the option to order a Report under the provisions of Rule 37A(a) M.R.Crim.P. Perhaps he relied on *State v. Bull*, Me., 249 A.2d 881 (1969) and *State v. Dubois*, Me., 258 A.2d 797 (1969). In the later case of *State v. Bessey*, Me., 328 A.2d 807, 810, n.2 (1974), however, we sought to correct possible misunderstanding by explaining that where the presiding justice has ruled on the question of law sought to be presented by a Report for the decision of the Law Court, the Report does not lie under Rule 37A(a); rather, it is authorized by, and is to be ordered in accordance with the provisions of, Rule 37A(b).

---

**3.** Rule 37A(a) states:

"The court may, where the defendant and the State so agree, report any proceedings to the Law Court if it is of the opinion that any question of law is involved of sufficient importance and doubt to justify the same, provided that the decision thereof would in at least one alternative result in a final disposition of the action in favor of the defendant."

**4.** Having taken evidence on the defendant's behavior and attitude while he had been in prison, the justice found:

"Mr. O'Brikis has made substantial progress towards a non-criminal way of life and ... the time necessary to provide for the protection of the public from Mr. O'Brikis may be revised."

■ We now remove any lingering uncertainty on the subject by squarely deciding that where, as here, the presiding justice rules on the issue of law sought to be reported, Rule 37A(b) M.R.Crim.P. has *exclusive* governance, and Rule 37A(a) is inapplicable.

■ With the law thus definitively settled, the Report in this case cannot lie and must be discharged, for two reasons.

First, the ruling of the presiding justice was in favor of the defendant and, therefore, the requirement of Rule 37A(b) that defendant be "aggrieved" by the ruling of the presiding justice was not met.

Second, as we have already explained, the presiding justice made a final, not an interlocutory, ruling and, thereby, he excluded the applicability of Rule 37A(b), which extends only to interlocutory rulings. Though the justice believed that by acting as he did, he was achieving a valid Report under Rule 37A(a), the unfortunate consequence was that he effectively precluded the possibility of a Report at all, whether under subparagraph (a) or (b) of Rule 37A.

■ We recently adverted to this point in *Giles v. Maine Fidelity Life Insurance Company*, Me., 402 A.2d 473, 476 (1979) when we posed the question:

> "[T]o obtain review of the Superior Court's action in rejecting his amendment, was not the plaintiff's proper remedy an appeal [rather than a Report] from what has become a 'final judgment' . . . ?"

Our research has disclosed no case which has recognized, or approved, the use of the procedures for Report, whether in a civil or criminal proceeding, to achieve Law Court review of the decision of an issue of law involved in a final judgment. The reason is evident. Report procedures have never been taken to be alternatives to the procedures prescribed to achieve a direct review by the Law Court of a final judgment, whether through an "appeal" or otherwise. Rather, a Report represents an avowed "major breach in the 'final judgment' rule", to be utilized sparingly when necessary in the interests of justice, *State v. Placzek*, Me., 380 A.2d 1010, 1013–15 (1977), to accomplish a disposition by the Law Court despite the lack of a final judgment.

■ Wherever, then, the legislature has authorized a final judgment to be subject to a direct review by the Law Court, whether the procedure is to be by an "appeal" or otherwise, a Report is not calculated to serve as an alternative by which such direct Law Court review may be had. On the other hand, where in a particular context the legislature may not have authorized the Law Court to undertake direct review of a final judgment, the will of the legislature is not to be defeated through resort to a Report as the device to achieve a direct review of a final judgment which the legislature has seen fit to withhold.

The entry shall be:

Report discharged.

All concurring.