**STATE of Maine**

v.

**Leo DESROSIERS.**

Supreme Judicial Court of Maine.

Argued Jan. 19, 1984.

Decided April 11, 1984.

Deborah Buccina (orally), Michael E. Saucier, Asst. Dist. Attys., Alfred, for plaintiff.

Farrell & Brunette, Ricky L. Brunette (orally), Portland, for defendant.

Before McKUSICK, C.J., ROBERTS, VIOLETTE, WATHEN and GLASSMAN, JJ., and DUFRESNE, A.R.J.

DUFRESNE, Active Retired Justice.

The defendant, Leo Desrosiers, was charged by a York County grand jury on May 7, 1982, in a four-count indictment with gross sexual misconduct with two minors under 17–A M.R.S.A. § 253(1)(B), Class A crimes, and with two other incidents of sexual abuse of minors under 17–A M.R.S.A. § 254(1), Class D crimes. Before proceeding to trial the defendant, pursuant to Rule 41(e), M.R.Crim.P. (1982 Pamphlet), filed a motion to suppress the stationhouse confession which he had made on the day of his arrest on warrant issued upon an initial complaint based on one of the crimes charged in the indictment. After an evidentiary hearing, the Superior

Court denied the motion to suppress. Aggrieved by the court's denial, the defendant is seeking immediate review of the Superior Court's decision and order through the report process provided by Rule 37A(b), M.R.Crim.P. Indeed, the court below did grant the defendant's motion to report, tracking in its order the language of Rule 37A(b), that

> this court is of the opinion that the questions of law involved in the Defendant's motion to suppress ought to be determined by the Law Court before any further proceedings in this matter.

The defendant argues (1) that the Superior Court erred in finding that his confession was voluntary and, thus, admissible in evidence at trial, and (2) that his confession should have been suppressed, because he received ineffective assistance of counsel at the time he confessed at the station-house.

The State, however, in a preliminary objection, raises the propriety of the use of the reporting process in this case. It argues that the Superior Court justice committed legal error when he ordered the report of his interlocutory rulings on the stated questions for review by the Law Court, because the rulings did not involve questions within the scope of Rule 37A(b) of the Rules of Criminal Procedure. In this, we agree and, therefore, discharge the report.

■ We do recognize that the Law Court has the power to make its own independent determination, whether in the circumstances of any given case its decision "on report" would be consistent with its basic functions as an appellate tribunal and whether in its own discretion it should receive and entertain the reported issues. *State v. Foley*, 366 A.2d 172, 173 (Me.1976). When a case is reported by the Superior Court to this Court for appellate review by way of the "report" process, we will examine the record to be sure that the parties and the court below have fully complied with the requirements of the relevant rule governing reports. *State v. Placzek*, 380 A.2d 1010, 1012 (Me.1977).

■ Rule 37A(b), M.R.Crim.P.,[1] limits the report process to *questions of law* involved in an interlocutory order or ruling made by the trial court. Here, the main issue is the voluntariness or involuntariness of the defendant's station-house confession, but such a question is one of fact, reviewable on direct appeal as a question of law in connection with the sufficiency of the evidence, but not a proper subject of report under M.R.Crim.P. 37A(b). *See State v. Tardiff*, 374 A.2d 598, 600 (Me. 1977). The defendant's other issue of ineffective assistance of counsel arising from any given action or omission of his attorney then representing him must needs depend upon consideration of the underlying particular facts and circumstances influencing counsel's challenged judgment, and, thus, would possibly involve a question of *fact and law. See United States v. Decoster*, 624 F.2d 196, 203 (D.C.Cir.1976); *True v. State*, 457 A.2d 793, 795 (Me.1983). In the instant case, however, the presiding justice *expressly declined to rule* on the issue and, whether the question of ineffective assistance of counsel was one of fact or law or both, it could not be submitted to the Law Court on report under M.R. Crim.P. 37A(b) for failure of the trial court

---

1. Rule 37A(a) and (b), M.R.Crim.P. provide as follows:

(a) *Report by Agreement of Important and Doubtful Questions.* The court may, where the defendant and the State so agree, report any proceedings to the Law Court if it is of the opinion that any question of law is involved of sufficient importance and doubt to justify the same, provided that the decision thereof would in at least one alternative result in a final disposition of the action in favor of the defendant.

(b) *Report of Interlocutory Rulings.* If the court is of the opinion that a question of law involved in an interlocutory order or ruling made by it in any action ought to be determined by the Law Court before any further proceedings are taken therein, it may, on motion of an aggrieved defendant, report the case to the Law Court for that purpose and stay a' further proceedings except such as are necessary to preserve the rights of the parties without making any decision therein.

to rule thereon. *See State v. O'Brikis*, 426 A.2d 893, 894–896 (Me.1981).

■ Ordinarily, this would end our discussion, but, in order to promote our policy considerations for sound judicial administration, we need to point out a further deficiency of the instant report. As stated previously, the Superior Court justice, in his order reporting the case to the Law Court, articulated his reasons for so doing in the broad terms of Rule 37A(b), M.R. Crim.P., to the effect that he "is of the opinion that the questions of law involved in the Defendant's motion to suppress ought to be determined by the Law Court before any further proceedings in this matter." Nowhere in his order do we find any explicit determination that the referenced "questions of law" involved in his rulings *are of such importance* as to require, in the opinion of the justice, review by the law court before any further proceedings in the action.

In *Papapetrou v. Edgar*, 290 A.2d 202, 204 (Me.1972), we said that

[w]henever the authority of the Law Court to exercise reviewing power is brought into issue the foundational guide to decision is the principle that the Law Court is a statutory Court and its powers to review cases are entirely and exclusively those plainly conferred by statute.

*See also* cases cited therein. In applying this basic concept to the operative statutory provision authorizing Law Court review of questions arising on reports of cases, 4 M.R.S.A. § 57,[2] we find that the Legislature has explicitly conditioned Law Court authority and power to review interlocutory orders or rulings arising in such appellate process as on reports of cases on two central requirements, first, the question involved must be *one of law*, and, second, that question of law must be *of such importance* as to require, in the opinion of the justice, review by the law court before any further proceedings in the action. The case of *State v. Placzek*, 380 A.2d 1010 (Me.1977) is an illustration, in analagous circumstances, of the propriety of requiring sufficient importance of the reported ruling.

An appellate court, in such circumstances, is entitled to have a determination by the trial court justice whether in his opinion the interlocutory order or ruling involves a question of law of sufficient importance to justify immediate appellate review under the reporting process. The Superior Court's required finding of sufficient importance of the question of law involved in its interlocutory rulings or orders to warrant their immediate review by the Law Court under the statutory report procedure does serve to immunize to some degree this appellate process, an exception to the "final judgment rule," against the automatic and inappropriate grant of such reviews, which otherwise might lead to a waste of judicial time and cause unnecessary expense and delay. *See State v. LeClair*, 304 A.2d 385, 386 (Me.1973).

In conclusion, we further note that for this Court to accept the report of this case as submitted would seriously violate principles of judicial economy and efficiency. Indeed, the prosecution may run its course without resolution of the proffered issue, as a guilty plea may dispose of the case without trial, or, if trial is had, the State

---

**2.** 4 M.R.S.A. § 57, as amended by P.L.1959, ch. 317, sec. 69, provides in pertinent part:

The following cases only come before the court as a court of law: Cases on appeal from the Superior Court or a single justice of the Supreme Judicial Court; ...; questions of law arising on reports of cases, <u>including interlocutory orders or rulings of such importance as to require, in the opinion of the justice, review by the law court before any further proceedings in</u> the action; .... (the underscored portion being the new language introduced by the amendment).

By further amendment—P.L.1965, ch. 356, sec. 1—the section was made applicable to criminal cases, thus giving the Law Court jurisdiction to review interlocutory rulin_s in criminal as well as in civil appeals. *See* Glassman, *Maine Practice*, Vol. 3, Commentary § 37A.2, p. 322.

may choose not to introduce the confession in evidence, or the accused may be acquitted, and, even if convicted, the defendant may elect not to appeal the final decision of the lower court. *See State v. Bassford,* 440 A.2d 1059, 1061 (Me.1982). The instant case does not qualify under M.R.Crim.P. 37A(b).

The entry will be:

Report discharged.

Case remanded to the Superior Court for further proceedings.

All concurring.