**STATE of Maine**

v.

**George LAGERSTROM.**

Supreme Judicial Court of Maine.

Argued Nov. 21, 1986.

Decided Dec. 23, 1986.

Mary C. Tousignant, Dist. Atty. David Gregory (orally), Alfred, for plaintiff.

Francis M. Jackson (orally), Westbrook, for defendant.

Before NICHOLS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

WATHEN, Justice.

Defendant, George Lagerstrom seeks review of the denial of a suppression motion filed in connection with a charge of unlawful drug trafficking pending against him in Superior Court (York County).  After entry of the order denying suppression, defendant moved for an interlocutory appeal pursuant to M.R.Crim.P. 37A(a) or (b).  The State agreed to the report and conceded that suppression would, as a practical matter, require dismissal of the indictment.  The Superior Court reported the case to the Law Court pursuant to the provisions of Rule 37A(a) and specifically declined to address the report pursuant to 37A(b).  We conclude that the report was improvidently granted and, therefore, we discharge the report and remand to the Superior Court for further proceedings.

---

We have previously stated that where, as here, "the presiding justice rules on the issue of law sought to be reported, Rule 37A(b) M.R.Crim.P. has *exclusive* governance, and Rule 37A(a) is inapplicable." *State v. O'Brikis*, 426 A.2d 893, 896 (Me. 1981). Rule 37A(a) deals with the report of important and doubtful questions, whereas Rule 37A(b) deals with the report of an interlocutory ruling such as the order involved in the present case. Even if we were to disregard the terms of the Superior Court order and treat the report as though it was premised on Rule 37A(b), it was nevertheless improvidently granted. The order contains no certification that the question of law requires determination before any further proceedings are undertaken. Indeed, the record before us would not support such a conclusion. Moreover, in deciding whether an interlocutory order "ought to be determined by the Law Court" the Superior Court should consider whether the question of law is of sufficient importance and doubt to justify the report. *See* Cluchey & Seitzinger, *Maine Criminal Practice* § 37A.3 at 37A–13 & n. 43 (1985). In *State v. Placzek*, 380 A.2d 1010 (Me. 1977) this Court discussed the requirement of "importance" in the following terms: "The word 'importance' leads us to consider the significance of a Law Court decision on the reported question of law, not only to the parties but also to other members of the public." *Id.* at 1014.

In the present case, the defendant seeks review of the Superior Court's conclusion that a warrantless entry was supported by probable cause and exigent circumstances. Such an issue does not require determination by the Law Court before further proceedings, and review should await the entry of final judgment.

The entry is:

The prior order of this Court dated September 29, 1986, denying the State's motion to discharge the report is vacated. The report is discharged as improvidently granted.

Remanded to the Superior Court for further proceedings.

All concurring.