STATE of Maine

v.

Timothy R. BLAIR.

Supreme Judicial Court of Maine.

Argued Jan. 13, 1989.
Decided Feb. 2, 1989.

R. Christopher Almy, Dist. Atty., Anne Murray, Philip C. Worden (orally), Asst. Dist. Attys., Bangor, for plaintiff.

Wayne P. Libhart (orally), Ellsworth, for defendant.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, HORNBY and COLLINS, JJ.

WATHEN, Justice.

Defendant appeals from his conviction for operating a motor vehicle as an habitual offender. His conviction results from the entry of a conditional guilty plea during a jury trial in the Superior Court (Penobscot County, *Beaulieu, J.*). Defendant argues on appeal that his conviction under the habitual offender statute in force at the time of the alleged offense required that the State notify him of his habitual offender status and that he therefore was entitled to rebut the State's evidence of notice at trial. The State argues that defendant has failed to provide this Court with an adequate record to review the issues on appeal. Because the conditional guilty plea was entered after trial had commenced and not as a consequence of a pretrial ruling on a motion, we conclude that the plea was improper and we therefore vacate the judgment and the plea.

The grand jury returned an indictment against defendant for operating a motor vehicle on a public way after his license had been revoked because he was an habitual offender. (29 M.R.S.A. § 2298 (Supp. 1987–1988) *amended by* P.L.1987 ch. 591 & ch. 791, § 30). Defendant entered a plea of not guilty and prior to trial the State filed a motion in limine to prevent defendant from introducing any evidence that he "did not know that he was an habitual offender or that he did not receive notice of suspension on the grounds that said evidence is irrelevant."

It is impossible for us to determine precisely what transpired either at the hearing on the motion in limine or at trial because defendant has failed to provide this Court with a transcript of either proceeding. Defendant asserts in his brief, however, that at the hearing on the motion, the trial justice indicated that he would permit defendant to introduce evidence challenging the sufficiency of notice of revocation. At mid-point in the jury trial, the State offered a certificate of the Secretary of State concerning revocation of defendant's license. Defense counsel objected and indicated her intention to introduce evidence questioning the validity of the certificate. The trial justice then informed the parties that he had changed his earlier ruling and would not permit defendant to introduce evidence on the question of notice because the Habitual Offender Act contains no notice requirement. With the approval of the court and the prosecutor, defendant entered a conditional guilty plea and the matter was withdrawn from the jury.

M.R.Crim.P. 11(a)(2) sets forth specific requirements for entering a conditional plea of guilty and provides as follows:

> (2) Conditional Guilty Plea. With the approval of the court and the consent of the attorney for the state, a defendant may enter a conditional guilty plea. A conditional guilty plea shall be in writing. *It shall specifically state any pretrial motion and the ruling thereon to be preserved for appellate review.* If the court approves and the attorney for the state consents to entry of the conditional guilty plea, they shall file a written certification that the record is adequate for appellate review and that the case is not appropriate for application of the harmless error doctrine. Appellate review of any specified ruling shall not be barred by the entry of the plea.
>
> If the defendant prevails on appeal, he shall be allowed to withdraw his plea.

(emphasis added). Commentators have explained, as the rule itself suggests, that the conditional guilty plea was designed to ensure expedited appellate review of rulings on pretrial motions and thus to conserve the resources of trial courts.

> The argument for a conditional plea of guilty assumes that some defendants are insisting on trials in order to preserve for appeal rulings on pretrial motions which may be dispositive of their respective criminal cases. The conditional plea of guilty allows a defendant to preserve the pretrial ruling for appeal without the necessity of insisting on a trial, thereby expediting the appeal while at the same time conserving resources.

D. Cluchey & M. Seitzinger, *Maine Criminal Practice* 11–27 (1987) (footnotes omitted).

Defendant entered his conditional guilty plea to secure immediate appellate review of a ruling made by the court *after* the case had already proceeded to trial. Under these circumstances, the opportunity for conserving judicial resources is significantly diminished. Moreover, to permit the conditional guilty plea to be used to secure immediate appellate review of trial rulings would circumvent the procedure for report of interlocutory rulings provided for in M.R.Crim.P. 37A(b).[1] In *State v. Desrosiers,* 473 A.2d 1284 (Me.1984), we read the report procedure in light of the statutory provision[2] authorizing Law Court review of questions arising on reports of cases. We found

> that the Legislature ha[d] explicitly conditioned Law Court authority and power to review interlocutory orders or rulings arising in such appellate process as on reports of cases on two central requirements, first, the question involved must be *one of law,* and, second, that question of law must be *of such importance* as to require, in the opinion of the justice, review by the law court before any further proceedings in the action.

*Id.* at 1287 (emphasis in original). Furthermore we have vigorously advocated "chary use of reports" because they violate both the "final judgment" rule and principles of judicial economy, *e.g. State v. Placzek,* 380 A.2d 1010, 1013 (Me.1977). We conclude therefore, that Rule 11(a)(2) is, in accordance with its terms, confined to pretrial rulings. We decline to permit the conditional guilty plea to operate as a means of circumventing the report requirements that are otherwise imposed on interlocutory trial rulings.

The entry is:

1. M.R.Crim.P. 37A(b) provides as follows:
   (b) Report of Interlocutory Rulings. If the court is of the opinion that a question of law involved in an interlocutory order or ruling made by it in any action ought to be determined by the Law Court before any further proceedings are taken therein, it may, on motion of an aggrieved defendant, report the case to the Law Court for that purpose and stay all further proceedings except such as are necessary to preserve the rights of the parties without making any decision therein.

2. 4 M.R.S.A. § 57 (Supp.1988–1989) explains the jurisdiction of the Law Court and provides in pertinent part as follows:
   The following cases only come before the court as a court of law: ... questions of law arising on reports of cases, including interlocutory orders or rulings of such importance as to require, in the opinion of the justice, review by the law court before any further proceedings in the action ....

Judgment and conditional guilty plea vacated. Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.