STATE OF MAINE
Kennebec, ss.

SUPERIOR COURT
Criminal Action
Docket No. CR-99-295

STATE OF MAINE,

v.                                          ORDER

CHAD LEBRUN,

    Defendant

This matter is before the Court on Defendant's Motion to Suppress.
Defendant argues that any statements given by him to law enforcement officers
"were not given in a knowing, intelligent, and voluntary fashion". At oral
argument on the matter, the parties agreed that the Court would review a video
tape made of the interview/interrogation of the Defendant by Waterville Police
detectives, which has been done.

Defendant argues that his statements were made as a result of improper
inducements by the police officer. Defendant is a 19 year old male born April 4, 1981,
who did not complete his senior year of high school. He has been at the Maine
Youth Center since September of 1999, on a probation revocation. On the date of the
interview in question, he had come home early from school feeling ill. The
detective came to his home to remove him to the Waterville Police Station.
Defendant admits he did not advise the officer he was not feeling well. Defendant
testified that when given his <u>Miranda</u> warning, he was too scared to stop the
questioning, that he was "afraid of a big investigation". He asserts that the
underlying incident was consensual sex but he told the officer that he may have

DONALD L. GARBRECHT
LAW LIBRARY

AUG 15 2000

intimidated the victim. Defendant now testifies that is not true, that he said that just to get the interview over with. He further testified that he made incriminating statements because he was told by the officer that he, the officer, would "go to bat for the defendant" and that he thought the detective could help him. Defendant admits there were no threats or other promises, that he was scared, that he was afraid of a more detailed investigation, and that he thought he could influence the Court and the District Attorney through the detective. Defendant also admitted that the promises of help did not affect his statement. He agreed that the officer never told him to lie, that the officer told him to tell the truth, but that the officer did not believe his story. He agrees that he has a relationship with the officer based upon a previous case. Defendant now says that he lied to the officer in the interview when he admitted that the sex was not consensual and that he lost control. He indicated he was lying simply to get the officer to assist him.

The detective testified that he had known the Defendant from a prior criminal investigation and that he fully explained both the Miranda warning implications and the maximum penalties involved in this charge. He advised the Defendant to tell the truth. He admitted the Defendant was in custody at the time of the investigation and that the Defendant was not aware the interrogation was being videotaped. On cross-examination the officer admitted that in the prior case where he felt the Defendant had been victimized, he, the detective, had taken a lot of heat in recommending a fully probated sentence upon Defendant's conviction. The detective further testified that he learned from the experience of the first

investigation that the Defendant would start by lying, but that after a time, he will tell the truth.

Defendant argues that under the provisions of State v. Tardiff, 374 A.2d 598 (1977), a confession, in order to be fee and voluntary, must not be obtained by any direct or implied promises, however slight, nor by the exertion of any improper influence. A confession that has been extracted from a defendant as a result of assurances or promises of leniency is inadmissible. The test of the admissibility of confessions is whether they were extorted from the accused by some threat or elicited by some promise (such as would be involuntary and inadmissible), or made from a willingness on the part of the accused to tell the truth and relieve his conscience (such would be regarded as voluntary and admissible). An inducement to confess is improper when a promise of a benefit or reward has been made or implied by one whom the accused could reasonably believe had the authority or power to execute it. Mere admonitions or exhortations to tell the truth will not, by themselves, render a confession involuntary. A confession, otherwise fully and voluntarily made, is not vitiated by a promise of leniency unless such promise was the motivating cause of the confession. In determining whether a confession was the product of improper inducements, all of the circumstances attending the making of that confession must be examined. In Tardiff, the Court found that the Defendant confessed following a promise by the police that in return he would be charged with only one offense of his own choice, rather than three. The legally impermissible promise of leniency rendered defendant's confession involuntary as

a matter of law.

The State relies on State v. Hutchinson, 597 A.2d 1344 (Me. 1991). In that case, the officers said to the defendant regarding the charges against him, that he should tell the truth because "people generally feel better if they tell the truth". He was told that he should tell the truth "so that things could be cleared up, taken care of." At the suppression hearing the defendant testified that he made the statement because he "figured it might get [him] off or something." When asked whether he thought he would get off by admitting he had sex with a six year old, defendant answered, "before, yea,". The State also relies on State v. Bragg, 604 A.2d 439 (Me. 1992). An otherwise voluntary confession will not be invalidated by a promise of leniency unless the promise was the motivating cause of the confession, citing State v. DeRost, 497 A.2d 134 (Me. 1985); State v. Tardiff, 374 A.2d 598 (Me. 1977).

The interrogation as videotaped took approximately one hour. Two general observations are evident in a review of the tape. The first is that the Defendant is of limited intelligence and maturity notwithstanding his age and completion of three and a half years of high school. Secondly, he places a great deal of faith and trust in Detective Bearce of the Waterville Police Department, the interrogator. The officer gave a full and complete Miranda warning and discussed its implications with the Defendant. While the Defendant could not clearly articulate the meaning of the Miranda warning, it was clear he understood he could stop the discussion at any time and that he had a right to say nothing. The officer explained to Defendant the version of events as described by the alleged victim and certain corroboration of

mutual acquaintances. As the Defendant continued to respond with his version of events, the officer persistently indicated that he did not believe Defendant was telling the truth. The officer explained the maximum penalty for the potential charge to be brought against Defendant, he discussed Defendant's previous convictions and adjudications and he discussed Defendant's status as a probationer. The officer then involved a discussion as to whether Defendant believed that a judge or district attorney would believe Defendant's story in light of the victim's allegations. The detective told Defendant that the victim had passed a polygraph test. They discussed the Defendant's active sex drive. The officer explained to Defendant that "I need to know the truth", "she sounds like a hell of a lot of force was used", "you're never going to get anyone to believe you."

The officer continued that he needed to know what happened and then proceeded to advise Defendant that "I helped you last time, I'll help you this time, I don't want you to go to Thomaston, I'll get help if you're honest with me, but not if you don't tell me the truth." Then the officer made a somewhat troublesome statement, "I can't help you if you stick to this story; I can't help you with the District Attorney if you're not telling me the truth." Shortly thereafter the Defendant engaged in a detailed and step-by-step explanation of his version of what took place, generally describing a lack of force, but acknowledging that at various steps of the aggressive sexual encounter the victim said "no". This was concluded by the acknowledgement on the part of Defendant that the victim may have been somewhat intimidated.

Further, whether the Defendant actually confessed to a forceful sexual encounter or agreed with the officer to some limited degree in the description by the officer that the Defendant "lost control", is a matter for the finder of fact in a proceeding on the merits. In any event, the responsibility of this Court is to determine whether the statements and concessions made by Defendant in this interrogation had been extracted from Defendant as a result of assurances or promises of leniency.

The interrogation itself, while somewhat confrontational in that the officer was persisting in attempting to cause the Defendant to agree to the whole truth, was done in a very conversational manner. The speech and demeanor of both the Defendant and the officer suggested that these people had a relationship in this setting unlike strangers in a criminal investigation. The statements were clearly voluntary on the part of Defendant and appeared to be made on the basis of wanting the detective to be in his corner in the forthcoming events. While some of the words used by the officer are a little bit troublesome, this Court is convinced that they did not form the basis for specific promises or threats made by the officer, but simply that it was important for the benefit of Defendant that this officer know the whole story. While it is clear that the Defendant wanted to please the officer and that he wanted the officer to be sympathetic to his plight, it also is clear that Defendant suffered from some degree of lack of understanding of the implications of his act or the basis for the charge against him.

Nevertheless, there is no evidence that this confession, such as it was, was anything other than from a willingness on the part of the accused to tell the truth and relieve his conscience as it was affected by his relationship with the officer.

The entry will be:

Defendant's Motion to Suppress is DENIED.

Dated: July 13, 2000

Donald H. Marden, Justice
Superior Court

STATE OF MAINE                                          SUPERIOR COURT
   vs                                                   KENNEBEC, ss.
CHAD  LEBRUN                                            Docket No  AUGSC-CR-1999-00295
130 FIRST RANGEWAY
ERVILLE ME 04901                                        **DOCKET RECORD**

DOB: 04/04/1981
Attorney: J TALBOT                            State's Attorney: DAVID CROOK
          RETAINED 09/14/1999

Filing Document: INDICTMENT                   Major Case Type: FELONY (CLASS A,B,C)
Filing Date: 09/14/1999

Charge(s)

1.  GROSS SEXUAL ASSAULT                       06/23/1999 WATERVILLE
    17-A    253(1)(A)            Class A

Docket Events:

09/14/1999 FILING DOCUMENT - INDICTMENT FILED ON 09/14/1999

09/15/1999 SUMMONS - SUMMONS TO APPEAR FOR ARRAIGN ISSUED FOR 09/23/1999 @ 8:30

09/15/1999 HEARING - ARRAIGNMENT SCHEDULED FOR 09/29/1999 @ 1:00

09/16/1999 TRANSFER - BAIL AND PLEADING TRANSFERRED ON 09/14/1999

           TO NO. KEN DISTRICT COURT
09/21/1999 TRANSFER - BAIL AND PLEADING RECVD BY COURT ON 09/20/1999

09/23/1999 HEARING - ARRAIGNMENT NOT HELD ON 09/23/1999

           AS DEFT. IS IN CHARLESTON CORRECTIONAL AND THE CLERK'S OFFICE WAS NOT INFORMED OF THIS.
09/27/1999 WRIT - HABEAS CORPUS TO PROSECUTE ISSUED ON 09/27/1999

10/05/1999 WRIT - HABEAS CORPUS TO PROSECUTE ORDERED ON 10/05/1999

10/05/1999 WRIT - HABEAS CORPUS TO PROSECUTE ISSUED ON 10/05/1999 @ 1:00

10/05/1999 WRIT - HABEAS CORPUS TO PROSECUTE VACATED ON 10/05/1999

10/08/1999 WRIT - HABEAS CORPUS REMAND EXECUTED ON 10/08/1999

10/08/1999 HEARING - ARRAIGNMENT HELD ON 10/07/1999
           JEFFREY L HJELM , JUSTICE
           Attorney:  J TALBOT

           DA:  EVERT FOWLE
           Defendant Present in Court
           ELECTRONIC RECORDING TAPE NO. 499 AND INDEX NO. 461-510.
10/08/1999 Charge(s):  1
           PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 10/07/1999

           BAIL TO REMAIN AS SET.
10/13/1999 WRIT - HABEAS CORPUS REMAND RETURNED ON 10/13/1999

15/1999 MOTION - MOTION TO SUPPRESS FILED BY DEFENDANT ON 10/15/1999

10/27/1999 BAIL BOND - CASH BAIL BOND FILED ON 09/20/1999


          Bail Receipt Type: CR
          Bail Amt:  $5,000
                                   Receipt Type: CK
          Date Bailed: 09/20/1999     Prvdr Name: JOHN C LEBRUN
                                   Rtrn Name: JOHN C LEBRUN
          BAIL CONVERSION
10/28/1999 MOTION - MOTION TO AMEND INDICTMENT FILED BY STATE ON 10/26/1999

12/22/1999 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 01/03/2000 @ 9:00

          NOTICE  TO PARTIES/COUNSEL
12/22/1999 MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 12/22/1999

12/22/1999 MOTION - MOTION TO AMEND INDICTMENT GRANTED ON 10/29/1999
          S KIRK STUDSTRUP , JUSTICE
          ORDERED THAT THE INDICTMENT IS AMENDED TO ALLEGE "ON OR ABOUT JUNE 23, 1999".  COPIES TO
          ATTYS.
12/22/1999 MOTION - MOTION TO CONTINUE GRANTED ON 12/22/1999
          DONALD H MARDEN , JUSTICE
          COPY TO PARTIES/COUNSEL
/22/1999 HEARING - MOTION TO SUPPRESS CONTINUED ON 12/22/1999

01/06/2000 TRIAL - JURY SCHEDULED FOR 02/07/2000 @ 9:00

          NOTICE TO PARTIES/COUNSEL
03/15/2000 TRIAL - JURY NOT REACHED ON 03/15/2000

06/02/2000 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 06/12/2000 @ 8:30

          NOTICE  TO PARTIES/COUNSEL
06/02/2000 WRIT - HABEAS CORPUS TO PROSECUTE ISSUED ON 06/02/2000

          CERTIFIED COPY TO SHERIFF DEPT.
06/12/2000 HEARING - MOTION TO SUPPRESS HELD ON 06/12/2000
          DONALD H MARDEN , JUSTICE
          Attorney:  J TALBOT

          DA:  EVERT FOWLE          Reporter: CASE ENOCH
          Defendant Present in Court
06/12/2000 JUDICIAL - JUDGMENT DETERMINATION UNDER ADVISEMENT ON 06/12/2000
          DONALD H MARDEN , JUSTICE
06/20/2000 WRIT - HABEAS CORPUS TO PROSECUTE RETURNED ON 06/14/2000

07/17/2000 OTHER FILING - ORDER FILED ON 07/14/2000
          DONALD H MARDEN , JUSTICE
          COPIES TO PARTIES/COUNSEL.   ORDER ON MOTIN TO SUPPRESS.
/17/2000 MOTION - MOTION TO SUPPRESS DENIED ON 07/13/2000

DONALD H MARDEN , JUSTICE
COPY TO PARTIES/COUNSEL

A TRUE COPY
ATTEST: _____
                        Clerk