No. 48,255

STATE OF KANSAS, *Appellee,* v. LARRY E. HARWICK, *Appellant.*

(552 P. 2d 987)

Opinion filed July 23, 1976.

*G. Edmond Hayes,* of Wichita, argued the cause, and was on the brief for the appellant.

*Stephen E. Robison,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, and *Keith Sanborn,* district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal in a criminal action by Larry E. Harwick (defendant-appellant) from a jury verdict finding him guilty of two counts of aggravated robbery (K. S. A. 21-3427) and two counts of unlawful possession of a firearm (K. S. A. 21-4204).

The appellant challenges the state's use of a confession and attacks the sufficiency of the evidence.

On December 22, 1973, Theresa Boggess, a clerk at the Town and Country Market, No. 10, at 1502 East Harry in Wichita, and Glenda

Rowe, an eleven-year-old friend, were in the market when it was robbed at about 7:30 p. m. Theresa remembered the robber, whom she and Glenda both identified as the appellant, because in November he had hung around the store for about an hour making Theresa nervous. On December 22, 1973, the robber asked for some thumb tacks. When Theresa opened the cash register to ring up the sale, the robber, armed with a small hand gun, told her to hand over all the money. He then fled with $85. The police were called, but no arrest was made.

On February 15, 1974, another armed robbery occurred. Betty Stiles was tending a bar at the Jekyll and Hyde Tavern at 1119 East Pawnee. She opened the business at 2:10 p. m. and a man she identified as the appellant walked in and ordered a beer. After listening to some music, the man pulled a gun and demanded the tavern's money. As he fled the tavern with $300, Barbara Pestinger, the tavern owner, saw him leaving in a 1966 to 1968 light green Pontiac with her bank bags. Barbara didn't try to stop the robber because she thought he was probably armed if he got the money from Betty. Again the police were called, but no arrests were made.

Later in February of 1974, Theresa recognized the appellant who purchased some notebook paper at the Town and Country Market. She notified the police who took the appellant into custody. The appellant's home was later searched, and a pair of gloves and a blue hat were found and described as similar to those worn by the robber. However, no gun was ever found and introduced into evidence.

During a police interrogation on March 9, 1974, the appellant allegedly made inculpatory statements. The state introduced a *Miranda* waiver of rights form signed by the appellant. (*Miranda v. Arizona*, 384 U. S. 436, 16 L. Ed 2d 694, 86 S. Ct. 1602.) Detective Jerry Fraipont, a twelve year veteran of the Wichita Police Department, conducted the interrogation. Detective Fraipont testified he informed the appellant of his rights and that the appellant had been identified as the robber of three locations. The following exchange then took place:

"Q. What was his response?

"A. He said: If I clean up all the robberies and everything I done—he said—would you not charge me with any more?

"Q. How many robberies were you speaking of that you were going to charge him with?

"A. I informed him that I was going to charge him with three robberies, that we had already made on him.

* * * * *

"Q. After he made this offer to you on cleaning up on the rest of the robberies, if he was just charged with these three, what did you say?

"A. Informed him that if he would clean up with me and shoot straight with me, that I would go to the D. A. and present what I had, and he more than likely wouldn't be charged with any more, just these three originally.

"Q. Now, did he clean up on any other robberies?

"A. Yes, sir.

"Q. Approximately how many?

"A. . . . [H]e picked up about ten robberies or there abouts. . . ."

Detective Fraipont testified the police informed the appellant they could offer no real promise; that they would talk to the D. A.'s office and explain he situation and maybe they would be of some assistance when it did come time for sentencing, if he was guilty. The appellant orally admitted two armed robberies, but no written confession was signed.

A *Jackson v. Denno,* 378 U. S. 368, 12 L. Ed. 2d 908, 84 S. Ct. 1774, 1 A. L. R. 3d 1205, hearing was held outside the hearing of the jury and the confession was admitted by the court with the following comment:

"The purpose of this hearing is not for me to determine whether the officer is telling the truth. All I am to determine is what was said was vountarily [said] by the Defendant. So, I will allow the officer's testimony. He was properly advised and if he made those, the Jury is entitled to know that. If you can convince [them] that he did not make them, it will be for the Jury to decide, not for me to decide. . . ."

After hearing the evidence, the jury found the appellant guilty of two counts of aggravated robbery (K. S. A. 21-3427) and two counts of unlawful possession of a firearm (K. S. A. 2-4204), but not guilty of Counts V and VI of aggravated robbery of another place and unlawful possession of a firearm. Since the appellant had been released from imprisonment for a felony committed in 1973, the appellant was charged with unlawful possession of a firearm in connection with each of the robberies.

The appellant contends he never admitted committing any crime and made no deals with the police about any robbery. He also contends, if he did confess, the trial court erred in admitting the confession when the record shows he had been cajoled, threatened and induced by promises to waive his right against self-incrimination.

Statutory language concerning the admissibility of confessions is found at K. S. A. 22-3215. Under this section, the issue on the admissibility of a confession into evidence is not submitted to the

jury but is resolved by the trial court. The truth or falsity of a confession need not be considered by the trial court in determining its voluntariness.

The test for this court on appellate review was stated in *State v. Creekmore*, 208 Kan. 933, 495 P. 2d 96, as follows:

"When the trial court conducts a full preliminary inquiry on the admissibility of an extrajudicial statement given by an accused, determines the statement was freely, voluntarily and intelligently given and admits the statement into evidence at the trial, this court on appeal should accept that determination if it is supported by substantial competent evidence." (Syl. 2.)

(See also *State v. Brown*, 217 Kan. 595, 601, 538 P. 2d 631; and *State v. Jones*, 218 Kan. 720, 545 P. 2d 323.)

Here the appellant testified he read and signed the *Miranda* warnings under his own free will and talked to the police officer voluntarily. Detective Fraipont indicated the appellant confessed voluntarily. Thus if he confessed, the trial court's determination that the confession was voluntary is supported by substantial competent evidence. However, the appellant denied ever confessing to any robbery. Under the circumstances the trial court was correct in submitting the alleged confession to the jury. Under K. S. A. 22-3215 (5) the circumstances surrounding the making of the confession may be submitted to the jury as bearing upon the credibility or the weight to be given to the confession.

The appellant, who had prior experience with police practices, also contends promises were made which vitiate the confession. (Citing *State v. Stuart*, 206 Kan. 11, 476 P. 2d 975.) There promises or threats concerning action to be taken by a public official were first made by the complaining witnesses in order to secure a confession. Here the state's evidence indicates the appellant first offered to confess and then sought leniency. When the promises are solicited by the accused, freely and voluntarily, the accused cannot be heard to say that in accepting the promise he was the victim of a compelling influence. (*Taylor v. Commonwealth*, 461 S. W. 2d 920 [Ky. App. 1970].) Detective Fraipont testified he informed the appellant he could really offer no promises, but that he would talk to the district attorney and more than likely the appellant wouldn't be charged with any more crimes; that maybe the district attorney's office would be of some assistance when it did come time for sentencing, if the appellant was guilty.

The situation presented is analagous to *State v. Smith*, 216 Kan. 265, 530 P. 2d 1215, where it was alleged a detective's promise of

leniency induced the defendant to make the damaging confession. There the court noted the trial court had conducted an inquiry and determined the confession was freely, voluntarily and intelligently given, and admitted the confession into evidence. On appeal substantial evidence supported the trial court's finding that the officer's statements were not such an inducement as would vitiate a confession. (See also *State v. Brown,* supra.) Under the facts and circumstances here presented, substantial evidence supports the trial court's finding that the confession was freely, voluntarily and intelligently given. Detective Fraipont said he could really offer no promises. (*United States v. Frazier,* 434 F. 2d 994 [5th Cir. 1970]; and *United States v. Springer,* 460 F. 2d 1344 [7th Cir. 1972], cert. denied, 409 U. S. 873, 34 L. Ed. 2d 125, 93 S. Ct. 205.) Detective Fraipont's agreement to talk with the district attorney does not make the confession inadmissible. In *People v. Hubbard,* 55 Ill. 2d 142, 302 N. E. 2d 609 (1973), it was held the mere promise by a detective to inform the prosecuting attorney of the defendant's cooperation did not render his confession inadmissible. Other courts have approved situations where "bargaining" over the number of crimes to be charged against the defendant occurred. (See, *Pontow v. State,* 58 Wis. 2d 135, 205 N. W. 2d 775 [1973]; and *People v. Rittenhouse,* 37 App. Div. 2d 866, 325 N. Y. S. 2d 90 [1971].) Here no bargaining or promises were made concerning the three crimes with which the appellant was charged.

The admissibility of criminal confessions into evidence as an exception to the heresay rule is set forth in K. S. A. 60-460. It reads:

"Evidence of a statement which is made other than by a witness while testifying at the hearing offered to prove the truth of the matter stated is hearsay evidence and inadmissible except:

＊  ＊  ＊  ＊  ＊

"(f) *Confessions.* In a criminal proceeding as against the accused, a previous statement by him relative to the offense charged if, and only if, the judge finds that the accused when making the statement was conscious and was capable of understanding what he said and did, and that he was not induced to make the statement (1) under compulsion or by infliction or threats of infliction of suffering upon him or another, or by prolonged interrogation under such circumstances as to render the statement involuntary, or (2) by threats or promises concerning action to be taken by a public official with reference to the crime, likely to cause the accused to make such a statement falsely, and made by a person whom the accused reasonably believed to have the power or authority to execute the same."

The appellant contends the trial court erred in failing to instruct

the jury that it should consider the truth and falsity of the confession along with other evidence in the case.

At trial there was no objection by the appellant to the court's instruction. K. S. A. 22-3414 (3) provides in part:

"No party may assign as error the giving or failure to give an instruction unless he objects thereto before the jury retires to consider its verdict stating distinctly the matter to which he objects and the grounds of his objection unless the instruction is clearly erroneous. . . ."

(See, *State v. Myers*, 215 Kan. 600, 603, 527 P. 2d 1053; and *State v. Ponds and Garrett*, 218 Kan. 416, 419, 543 P. 2d 967.)

The instruction complained of is not clearly erroneous. The substance of the instruction the appellant now argues should have been given was provided in Instruction 10, which reads in part:

"It is for you to determine the weight and credit to be given the testimony of each witness. . . .

*   *   *   *   *

"If you find that any witness has willfully testified falsely concerning any material matter, you have a right to distrust the testimony of that witness in other matters and you may reject all or part of the testimony of that witness, or you may give it such weight as you think it deserves. You should not reject any testimony without cause."

Error cannot be predicated on the refusal to give specific instructions where the instructions which were given cover and include the substance of those refused. (*State v. Ponds and Garrett*, supra.)

In *State v. Milow*, 199 Kan. 576, 433 P. 2d 538, the court said:

". . . The trial court has a duty, however, after deciding that a confession has been voluntarily made, and admitted into evidence, to instruct the jury that it should consider the truth or falsity of the confession along with the other evidence in the case (*State v. Seward*, [163 Kan. 136, 181 P. 2d 478, aff'd on rehearing, 164 Kan. 608, 191 P. 2d 743]), and evidence bearing upon the credence to be given a confession is admissible. (K. S. A. 60-408.)" (p. 589.)

K. S. A. 22-3215 (5) reads in part:

". . . The circumstances surrounding the making of the confession or admission may be submitted to the jury as bearing upon the credibility or the weight to be given to the confession or admission."

The above section of the statute, as we construe it, refers to evidence bearing upon the credence to be given a confession or admission and not to a special instruction. PIK Criminal, § 52.17, prior to amendment, set forth a special instruction on confessions. By amendment PIK Criminal, 1975 Supp. § 52.17, now recommends that there be *no separate instruction* on confessions. (Citing, *State v. Stephenson*, 217 Kan. 169, 535 P. 2d 940.)

As we construe *Milow* a special instruction bearing upon the credence to be given a confession or admission is not required, where the jury is given a general instruction bearing on the credibility of the testimony of each witness. (See, *State v. Wilkins*, 215 Kan. 145, 523 P. 2d 728; *State v. Skinner*, 210 Kan. 354, 503 P. 2d 168; and *State v. Holloway*, 219 Kan. 245, 253, 547 P. 2d 741.)

The appellant contends the trial court erred in refusing to sustain his motion to discharge, and further erred in accepting the jury's verdict of guilty, as to the two counts of unlawful possession of a firearm because there was no proof that the defendant possessed a firearm *with a barrel less than twelve (12) inches long* as required by K. S. A. 21-4204 (1) (*b*).

It must be conceded this is an indispensable element of the crime because it is statutory. (*State v. Johnson*, 216 Kan. 445, 448, 532 P. 2d 1325; and *State v. Farris*, 218 Kan. 136, 139, 542 P. 2d 725.)

The evidence against the appellant on this point may be summarized briefly. Theresa Boggess testified the appellant had "a small hand gun" with "a small barrel and the handle was about two inches maybe." She also testified the appellant "had a gun in his right hand, and he had his gloves covering the gun." Eleven-year-old Glenda Rowe testified "[t]he gun was just a small gun." Betty Stiles was asked what kind of a gun was used in the Jekyll and Hyde Tavern robbery and she replied, "[i]t was about that long ([i]ndicating)." No gun was found, but the appellant confessed he threw "this revolver into the river."

The appellant miscontrues the law. There is no requirement that the firearm itself be produced for the jury's inspection to support a conviction under K. S. A. 21-4204 (1) (*b*) or its predecessor. (*State v. Wilson*, 215 Kan. 28, 523 P. 2d 337; and *State v. Potts*, 205 Kan. 42, 468 P. 2d 74.)

Under all the facts and circumstances there was sufficient evidence from which the jury could reasonably find the firearm used by the appellant in each of the firearm counts had a barrel less than twelve inches long. (See, *State v. Gustin*, 212 Kan. 475, Syl. 3, 510 P. 2d 1290.) In *State v. Kelly*, 210 Kan. 192, 499 P. 2d 1040, the court held:

"Before a verdict of guilty, which has been approved by the district court, may be set aside because of insufficient evidence, it must clearly be shown that upon no hypothesis whatever is there substantial evidence to support the conclusion reached by the district court." (Syl. 3.)

(See also *State v. Thomas,* 220 Kan. 104, 551 P. 2d 873; and *State v. Kane,* 218 Kan. 13, 542 P. 2d 335.)

The judgment of the lower court is affirmed.