No. 50,770

STATE OF KANSAS, *Appellee,* v. GEORGE E. TILLERY, *Appellant.*

(606 P.2d 1031)

Opinion filed March 1, 1980.

*Steven L. Foulston,* of Wichita, argued the cause and was on the brief for the appellant.

*Michael Barbara,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Vern Miller,* district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, C.J.: This is an appeal in a criminal action from a jury verdict which found George E. Tillery (defendant-appellant) guilty of kidnapping (K.S.A. 21-3420) and indecent liberties with a child (K.S.A. 1979 Supp. 21-3503). The appellant challenges the State's use of a confession and attacks the sufficiency of the evidence.

On June 15, 1978, four year old Stacy and her mother, Glenda, visited a neighbor, Duane Findley. Stacy and her mother resided in one of three apartments in a triplex unit; Findley lived in an adjacent apartment in the same triplex. About 9:30 p.m. Stacy left Findley's residence. When Stacy did not return within a few minutes Glenda, Findley, and other neighbors began searching the area.

After searching about 45 minutes, Findley observed Stacy and

an adult white male crossing 31st Street and entering a field. Findley testified that the man was walking with his left hand placed on Stacy's shoulder. Findley heard Stacy call his name, but did not respond for fear of her safety. He observed the man push Stacy to her knees, then the man got to his knees and laid down. Findley lost view of them because the field was covered with knee-high grass and weeds.

Findley immediately notified Glenda, and Glenda ran into the field. As she approached Stacy and the man, he fled. Some neighbors gave chase, but were unable to catch the man. Glenda testified the man was clothed in blue jeans, but wore no shirt. She observed him squatting on his knees, leaning over Stacy. When Glenda picked up Stacy, she noticed Stacy's underwear was pulled down a little bit.

On the morning of June 16, 1978, the appellant called the Wichita Police Department and told them he wanted to discuss a reported child molesting incident. The appellant met with Detective Jan McCloud and Detective Dan Stewart. Detective McCloud advised the appellant of his *Miranda* rights, and witnessed the appellant sign a waiver form. The appellant told Detective McCloud that he had seen a man in a field with a young girl the night before, and had chased the man away; that he returned to the girl to check her condition, but he too fled when several people ran toward him shouting; he fled because he feared they would think he molested the girl. Detective McCloud expressed disbelief of that story and told the appellant it would be better if he told the truth. The appellant then confessed to taking Stacy from the porch to the field, kissing her on the mouth and lips, kissing her in the vaginal area, and rubbing his penis on her. The appellant stated that he had to quiet Stacy's crying several times by placing his hand over her mouth. On June 19, 1978, the appellant repeated his confession for tape recording.

At trial the appellant testified the first story he told the police was the truth; he had attempted to rescue Stacy. The appellant testified the second story was false; he told it because he felt it would be better for him to tell a story the police believed. The appellant was convicted of kidnapping and taking indecent liberties with a child. Appeal has been duly perfected.

The appellant contends the trial court erred in admitting his confession into evidence.

We discussed admissibility of confessions in *State v. Higdon,* 224 Kan. 720, 722, 585 P.2d 1048 (1978), and stated:

"As a general rule uncoerced statements made to police officers by a defendant who has been given warning as to his constitutional rights are admissible as evidence at his trial. *State v. Cook,* 224 Kan. 132, 137, 578 P.2d 257 (1978); *State v. Coe,* 223 Kan. 153, 161, 574 P.2d 929 (1977), and cases cited therein. To be admissible, a confession or extrajudicial statement must have been freely and voluntarily given. When a trial court conducts a full pretrial hearing on the admissibility of an extrajudicial statement by the accused, determines the statement was freely, voluntarily, and knowingly given and admits the statement into evidence at the trial, the appellate court should accept that determination if it is supported by substantial competent evidence. *State v. Treadwell,* 223 Kan. 577, 578-79, 575 P.2d 550 (1978); *State v. Freeman,* 223 Kan. 362, 372, 574 P.2d 950 (1978); *State v. Coop,* 223 Kan. 302, 309, 573 P.2d 1017 (1978)."

Here the appellant testified he read and signed the *Miranda* warnings under his own free will and talked to the police voluntarily. The appellant made the confession on Friday, June 16, 1978, and returned on Monday, June 19, and had his confession tape recorded. In a pretrial hearing the trial court ruled the confession was freely, voluntarily, and knowingly given. Nevertheless, the appellant contends Detective McCloud's statement, that things would go better if the truth was told, was a promise of a benefit which vitiated the voluntariness of the confession.

We analyzed the nature of the positive promise required to render a confession involuntary in *State v. Kanive,* 221 Kan. 34, 37, 558 P.2d 1075 (1976), and *State v. Harwick,* 220 Kan. 572, 574-76, 552 P.2d 987 (1976). In *State v. Kanive,* 221 Kan. at 37, we stated:

"In considering the effect of a promise made by the police to an accused during an interrogation various factors have been recognized as worthy of consideration in determining the voluntariness of a subsequent confession. To render such a confession involuntary it is generally held that the promise must concern action to be taken by a public official, that the promised action must be such as would likely cause the accused to make a false statement to obtain the benefits of the promise and the promise must be made by a person whom the accused reasonably believed to have the power or authority to execute the same. (*State v. Stuart,* 206 Kan. 11, Syl. 4, 476 P.2d 975; *State v. Harwick,* 220 Kan. 572, 576, 552 P.2d 987; K.S.A. 60-460[*f*][2].)"

Detective McCloud's statement was not a positive promise of a benefit. No action was promised, and the statement was not likely to induce a false confession. The trial court correctly ruled the appellant's second confession was freely and voluntarily given; it was properly admitted at trial.

The appellant next contends the evidence is insufficient to support the verdicts, and that the trial court erred in denying the motion for judgment of acquittal. A trial judge in passing on a motion for judgment of acquittal must determine whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact therefrom, a reasonable mind, or rational trier of facts, might fairly conclude guilt beyond a reasonable doubt. *State v. Rodriquez,* 226 Kan. 558, 564, 601 P.2d 686 (1979). When the sufficiency of evidence is questioned on appeal a similar standard is used. The appellate court must be convinced that when the evidence is viewed in the light most favorable to the prosecution, a rational factfinder could have found the defendant guilty beyond a reasonable doubt. See *State v. McGhee,* 226 Kan. 698, Syl. ¶ 1, 602 P.2d 1339 (1979); *State v. Voiles,* 226 Kan. 469, Syl. ¶ 6, 601 P.2d 1121 (1979).

The appellant asserts two specific challenges to the sufficiency of the evidence. First, he contends the State did not prove all the elements of the kidnapping charge, because there was no evidence of force used to abduct Stacy. Second, he contends there is insufficient evidence to prove either the charge of kidnapping or indecent liberties with a child, because the only evidence is the uncorroborated extrajudicial confession.

K.S.A. 21-3420 provides in pertinent part:

"Kidnapping is the taking or confining of any person, accomplished by force, threat or deception, with the intent to hold such person:

. . . .

"(b) To facilitate flight or the commission of any crime."

Count I of the complaint/information, in pertinent part, charges that the appellant, on June 15, 1978, "did then and there unlawfully, willfully, *take by force*" (emphasis added) Stacy, to facilitate the commission of the crime of indecent liberties with a child.

Kidnapping a child may be accomplished by using minimal force. *State v. Clark,* 80 N.M. 340, 342, 455 P.2d 844 (1969); see also *State v. Zimmer,* 198 Kan. 479, 500, 426 P.2d 267, *cert. denied* 389 U.S. 933 (1967), and 51 C.J.S., Kidnapping § 1, p. 497. Each case will depend on the particular facts of the taking or confining. Duane Findley's testimony and the appellant's con-

fession provide sufficient evidence that force was used in Stacy's abduction.

Duane Findley testified that he observed Stacy and a man walking across the street into a field. Stacy was on the left-hand side of the man with his hand placed on her shoulders. Stacy turned and called Duane's name, but he did not respond for fear of her safety. Findley observed the man push Stacy down to her knees after they were further into the field. In his confession the appellant admits he initially led Stacy by hand away from the apartments. He took her to a nearby tree where she began hollering, and he put his hand over her mouth to quiet her. The appellant also picked up Stacy and carried her further away because she was too loud.

The appellant's second basis for questioning the sufficiency of the evidence is that the only evidence supporting the offenses is his uncorroborated extrajudicial confession.

An uncorroborated extrajudicial confession is insufficient to sustain a conviction. *Opper v. United States,* 348 U.S. 84, 89-90, 99 L.Ed. 101, 75 S.Ct. 158 (1954); *State v. Cardwell,* 90 Kan. 606, 609, 135 Pac. 597 (1913); see *State v. Pyle,* 216 Kan. 423, Syl. ¶ 2, 532 P.2d 1309 (1975); Annot., 45 A.L.R.2d 1316. However, any material facts, including the *corpus delicti* itself, may be proved by direct testimony or by indirect or circumstantial evidence or a combination of both. No exclusive mode of proof of the *corpus delicti* is prescribed by the law. *State v. Higdon,* 224 Kan. at 723; *State v. Pyle,* 216 Kan. at 432. The *corpus delicti* in a rape case may be proved by extrajudicial admissions and circumstantial evidence. *State v. Higdon,* 224 Kan. at 723; *State v. Cardwell,* 90 Kan. at 609. The elements of the offenses of kidnapping and indecent liberties with a child were sufficiently proved by the appellant's confession combined with circumstantial evidence.

The appellant's confession to the crimes was corroborated by testimony of Duane Findley and Stacy's mother, Glenda. Findley testified he saw a man and Stacy walking across the street. Findley heard Stacy call his name, he saw Stacy pushed to her knees, and he saw the man lie on Stacy. Stacy was missing for several minutes. When Glenda ran into the field she saw a shirtless man kneeling over Stacy. Glenda testified that Stacy's "underwear was pulled down just a little bit." No witnesses identified the appellant as the offender, but a man's shirt and

shoes were found near the scene. In his confession the appellant stated he removed his shirt before molesting Stacy, and he lost his shoes while being chased. The appellant testified he smokes Pall Mall unfiltered cigarettes; a package of Pall Mall unfiltered cigarettes was found in the shirt pocket.

The convictions of kidnapping and indecent liberties with a child were supported by sufficient evidence. Viewing the evidence in the light most favorable to the prosecution, a rational factfinder could have found the appellant guilty beyond a reasonable doubt. The trial court did not err in denying the motion for judgment of acquittal.

The judgment of the lower court is affirmed.