# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 8, 2012

Lyle W. Cayce
Clerk

No. 11-50187

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

IVETH NAJERA-MENDOZA, also known as Iveth Najera,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas

Before GARZA, DENNIS, and HIGGINSON, Circuit Judges.

DENNIS, Circuit Judge:

Iveth Najera-Mendoza pleaded guilty to one count of attempted illegal reentry into the United States after having been deported, in violation of 8 U.S.C. § 1326, and one count of false personation, in violation of 18 U.S.C. § 1546(a), and was sentenced to concurrent terms of 46 months of incarceration. She now appeals her sentence, contending that the district court erred in applying a sixteen-level sentencing enhancement based on its conclusion that her prior Oklahoma kidnapping conviction was a "crime of violence" under § 2L1.2(b)(1)(A)(ii) of the United States Sentencing Guidelines.[1] We conclude that the district court erred because the Oklahoma offense does not constitute

---

[1] Najera-Mendoza also contends that under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), 8 U.S.C. § 1324(b) unconstitutionally treats prior felony convictions as sentencing factors rather than elements of the offense. However, she acknowledges that this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998), and she raises the issue to preserve it for future Supreme Court review.

No. 11-50187

any of the enumerated offenses that are crimes of violence; nor does it have an element of "physical force," as that term was defined in *Johnson v. United States*, 130 S. Ct. 1265 (2010), to mean "force capable of causing physical pain or injury to another person," *id.* at 1271. Thus, we VACATE Najera-Mendoza's sentence and REMAND to the district court for resentencing.

## I.

### A.

"We review the district court's characterization of a prior offense as a crime of violence *de novo*." *United States v. Flores-Gallo*, 625 F.3d 819, 821 (5th Cir. 2010) (per curiam) (citing *United States v. Sanchez-Ruedas*, 452 F.3d 409, 412 (5th Cir. 2006)). We give controlling weight to the Sentencing Guidelines commentary unless it is plainly erroneous or inconsistent with the Guidelines. *Id.* (citing *United States v. Velasco*, 465 F.3d 633, 637 (5th Cir. 2006)).

Section 2L1.2 of the Sentencing Guidelines prescribes a sixteen-level increase to the defendant's base offense level if the defendant was previously deported after a conviction for a "crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii); *see United States v. Miranda-Ortegon*, 670 F.3d 661, 662 (5th Cir. 2012). "The Guidelines commentary defines a crime of violence as (1) any of a list of enumerated offenses, which include 'kidnapping,' or (2) 'any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.'" *United States v. Cervantes-Blanco*, 504 F.3d 576, 578 (5th Cir. 2007) (quoting U.S.S.G. § 2L1.2 cmt. n.1(B)(iii)). Thus, for Najera-Mendoza's Oklahoma kidnapping offense to be a "crime of violence" under § 2L1.2, "it must be an offense which either belongs to the list of enumerated offenses, or has as an element the use, attempted use, or threatened use" of physical force. *Flores-Gallo*, 625 F.3d at 821.

No. 11-50187

In analyzing whether a prior offense qualifies as a crime of violence, this court applies a "categorical inquiry" that "'looks to the *elements* of the crime, not to the defendant's actual conduct in committing it.'" *Miranda-Ortegon*, 670 F.3d at 663 (emphasis in original) (quoting *United States v. Calderon-Pena*, 383 F.3d 254, 257 (5th Cir. 2004) (en banc)). "[I]f the statute of conviction contains a series of disjunctive elements, this court may look beyond the statute to certain records made or used in adjudicating guilt to determine which subpart of the statute formed the basis of the conviction." *United States v. Moreno-Florean*, 542 F.3d 445, 449 (5th Cir. 2008); *see also Miranda-Ortegon*, 670 F.3d at 663 ("We may take a modified categorical approach, permitting consultation of the allegations in the charging instrument, if the statute of conviction has disjunctive elements. But we may look beyond the elements and the fact of conviction only for the limited purpose of ascertaining which of the disjunctive elements the charged conduct implicated." (footnote omitted)). The records we will consider "are generally limited to the charging document, written plea agreement, transcript of the plea colloquy, and any explicit factual findings by the trial judge to which the defendant assented." *Moreno-Florean*, 542 F.3d at 449 (internal quotation marks omitted).

The parties in this case agree that Najera-Mendoza was convicted of violating title 21, section 741 of the Oklahoma Statutes. That section provides:

> Any person who, without lawful authority, forcibly seizes and confines another, or inveigles or kidnaps another, with intent, either:
>
> First. To cause such other person to be confined or imprisoned in this state against the will of the other person; or
>
> Second. To cause such other person to be sent out of this state against the will of the other person; or

> Third.  To cause such person to be sold as a slave, or in any way
> held to service against the will of such person . . . .

21 Okla. Stat. § 741.  Since the statute has disjunctive elements, we may look to the charging document "only for the limited purpose of ascertaining which of the disjunctive elements the charged conduct implicated." *Miranda-Ortegon*, 670 F.3d at 663.  Najera-Mendoza acknowledges that she pleaded guilty to an amended information which charged her with "forcibly seizing [the victim] . . . and confining [him] in a residence . . . without lawful authority and with the intent to cause [him] to be confined/imprisoned against his will."  In Oklahoma, "[a] plea of guilty admits the facts pleaded in the Information."  *Collins v. Oklahoma*, 521 P.2d 826, 828 (Okla. Crim. App. 1974).  Thus, the elements of Najera-Mendoza's prior Oklahoma kidnapping offense are: "[W]ithout lawful authority, forcibly seizes and confines another . . . with intent . . . [t]o cause such other person to be confined or imprisoned against the will of the other person." 21 Okla. Stat. § 741.

We now turn to consider whether this offense meets the definition of "crime of violence" under § 2L1.2 of the Guidelines by constituting the enumerated offense of "kidnapping," or by having as an element the use, attempted use, or threatened use of "physical force."

**B.**

We first agree with Najera-Mendoza that her Oklahoma kidnapping offense does not constitute the enumerated offense of "kidnapping."  In determining whether a prior state offense is one of the enumerated offenses, "[s]tate-law labels do not control this inquiry because the [crime of violence] enhancement incorporates crimes with certain elements, not crimes that happen to be labeled 'kidnapping' . . . under state law." *Moreno-Florean*, 542 F.3d at 449 (second alteration in original) (internal quotation marks omitted).  Instead, we

look to whether the elements of the offense of conviction satisfy the "generic, contemporary meaning of kidnapping." *Id.* (internal quotation marks omitted).

In *Moreno-Florean*, this court held that the California offense of kidnapping—which is substantially similar to the Oklahoma kidnapping offense at issue here—did not meet the generic, contemporary definition of kidnapping. *Id.* at 456.[2] The panel held that the California offense was not the enumerated offense of "kidnapping" because, even though the California offense required force or the threat of force, it could be violated without proof of two elements that are part of the generic, contemporary definition of kidnapping: (1) substantial interference with the victim's liberty, and (2) circumstances exposing the victim to substantial risk of bodily injury or confinement as a condition of involuntary servitude. *Id.* at 452-56. Similarly, the Oklahoma kidnapping offense at issue here could be violated without proof of these two elements; and thus, it does not meet the generic, contemporary definition of kidnapping. *See id.* at 456. Accordingly, we conclude that Najera-Mendoza's Oklahoma kidnapping offense is not the enumerated offense of kidnapping under U.S.S.G. § 2L1.2.

## C.

We also agree with Najera-Mendoza that her Oklahoma kidnapping offense did not have as an element the use, attempted use, or threatened use of "physical force." In *Johnson v. United States*, 130 S. Ct. 1265 (2010), the Supreme Court held that "the phrase 'physical force' means *violent* force—that

---

[2] Compare the elements of the California kidnapping offense in *Moreno-Florean*, 542 F.3d at 454 ("'Every person who forcibly, or by any other means of instilling fear, steals or takes, or holds, detains, or arrests any person in this state, and carries the person into another country, state, or county, or into another part of the same county, is guilty of kidnapping.'" (quoting Cal. Penal Code § 207(a)), with the elements of Najera-Mendoza's Oklahoma kidnapping conviction, *supra* at 4 ("Any person who without lawful authority forcibly seizes and confines another . . . with intent . . . [t]o cause such other person to be confined or imprisoned against the will of the other person . . . ." (quoting 21 Okla. Stat. § 741)).

is, force capable of causing physical pain or injury to another person." 130 S. Ct. at 1271 (emphasis in original). Because the Florida battery offense at issue in *Johnson* included an element of force that could be "satisfied by any intentional physical contact, no matter how slight," the Court held that it lacked an element of "physical force." *Id.* at 1269-71 (emphasis and internal quotation marks omitted).[3]

Recently, in *United States v. Miranda-Ortegon*, 670 F.3d 661 (5th Cir. 2012), another panel of this court applied the *Johnson* definition of "physical force" to hold that an Oklahoma assault and battery offense was not a crime of violence because it lacked the necessary element of physical force. *Id.* at 663 (quoting *Flores-Gallo*, 625 F.3d at 823, in turn quoting *Johnson*, 130 S. Ct. at 1271). The court explained that even though the Oklahoma assault and battery statute has an element of "force or violence," that element could be satisfied by "only the slightest touching." *Id.* (internal quotation marks omitted). Thus, the offense was not a crime of violence merely because it included as an element the word "force." Instead, the determinative issue was whether the amount of force necessary to satisfy that element of the crime could only be satisfied by "force capable of causing physical pain or injury to another person." *Id.*

Following *Johnson* and *Miranda-Ortegon* in the instant case leads us to conclude that Najera-Mendoza's Oklahoma kidnapping conviction lacks the requisite element of physical force. The pertinent "force" element of Najera-Mendoza's Oklahoma kidnapping conviction is, "forcibly seizes and confines

---

[3] Although *Johnson* addressed the definition of "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e), that term has the same definition as "crime of violence" in U.S.S.G. § 2L1.2. Accordingly, in *United States v. Flores-Gallo*, 625 F.3d 819 (5th Cir. 2010), this court adopted the *Johnson* definition of "physical force" for that same term in the definition of "crime of violence." *Id.* at 822-23 ("'[P]hysical force' in the context of defining a 'crime of violence' for the purposes of construing the Sentencing Guidelines requires 'force capable of causing physical pain or injury to another person.'" (quoting *Johnson*, 130 S. Ct. at 1271)).

another," 21 Okla. Stat. § 741. Although Oklahoma does not define "forcibly" by statute, and no Oklahoma case that we are aware of defines this term within the context of the state's kidnapping statute, the common law definition of kidnapping, caselaw interpreting other states' kidnapping statutes, and Oklahoma's interpretation of "force" in other penal laws indicate that "forcibly" can be satisfied by conduct other than the type of force stated in *Johnson*.

Under the common law, the commission of kidnapping had to be "forcible," but did not require force capable of causing physical pain or injury; and in Oklahoma, as elsewhere, it is the rule that "in construing a statute containing words which have a fixed meaning at common law, and the statute nowhere defines such words, that they will be given the same meaning they have at common law." *Axhelm v. United States*, 60 P. 98, 99 (Okla. 1900); *see also Johnson*, 130 S. Ct. at 1270 ("[A] common-law term of art should be given its established common-law meaning."). The universally accepted definition of the common-law offense of kidnapping is: "The forcible abduction or stealing away of [a person] from [his] own country, and selling [him] into another."[4] In discussing this definition, commentators have explained that such an offense could be "forcible" without involving actual physical force, much less force capable of causing physical pain or injury.[5] Similarly, the commission of other

---

[4] 4 Wm. Blackstone, *Commentaries on the Laws of England* 219 (1769); *see also* 2 Joel Prentiss Bishop, *Commentaries on the Criminal Law* § 750, at 427 (7th ed. 1882); *Collier v. Vaccaro*, 51 F.2d 17, 19 (4th Cir. 1931).

[5] *See* Bishop, *supra*, §§ 748-52, at 426-28 ("[K]idnapping is a false imprisonment . . . aggravated by carrying of the person imprisoned to some other place," and "there need be no manual touch . . . in false imprisonment." (internal quotation marks omitted)); 2 Charles E. Torcia, *Wharton's Criminal Law* §§ 206-07 (15th ed. 1994) (same); *cf. Moody v. People*, 20 Ill. 315, 318-19 (1858) ("The statute defines kidnapping to be the forcible abduction or stealing away of a man, woman or child from his or her own country, and sending or taking him or her into another. While the letter of the statute requires the employment of force to complete this crime, it will undoubtedly be admitted by all that physical force and violence are not necessary to its completion. . . . The crime is more frequently committed by threats and menaces than by the employment of actual physical force and violence. If the crime may be committed

No. 11-50187

common law crimes, such as burglary, could be considered "forcible" without involving any physical contact or violence.[6] Therefore, the common-law meaning of "forcible" supports the conclusion that the element of "forcibly" in Oklahoma's modern kidnapping statute encompasses lesser degrees of force than that capable of causing physical pain or injury.

Moreover, Oklahoma courts routinely look to other state laws and judicial interpretations when construing its own statutes, *see, e.g.*, *Perry v. State*, 853 P.2d 198, 201 (Okla. Crim. App. 1993); *Steele v. State*, 778 P.2d 929, 931 (Okla. Crim. App. 1989); and courts in other states have interpreted "forcibly" or "force" in their own states' kidnapping statutes to not require actual physical contact, or only the most minimal force. For instance, California's kidnapping statute uses the term "forcibly" just as Oklahoma's does, *see* Cal. Penal Code § 207; and the California Supreme Court has held that a kidnapping is forcible if accomplished through inducing fear, i.e., "the force used against the victim need not be physical." *People v. Majors*, 92 P.3d 360, 363 (Cal. 2004) (internal quotation marks omitted); *see also People v. Hovarter*, 189 P.3d 300, 326 (Cal. 2008) ("The movement is forcible where it is accomplished through the giving of orders which the victim feels compelled to obey because he or she fears harm or injury from the accused and such apprehension is not unreasonable under the circumstances." (internal quotation marks omitted)). The same is true of

---

without actual violence, by menaces, it would seem that any threats, fraud, or appeal to the fears of the individual, which subject the will of the person abducted, and places such person as fully under the control of the other, as if actual force were employed, would make the offense as complete as by the use of force and violence.").

[6] *See, e.g.*, *Ducher v. State*, 18 Ohio 308, 317 (1849) ("[A]t common law, force was always implied in breaking into a house . . . . [Thus,] [w]hether the offender gain an entrance by open violence or by deceiving the inmates and knocking at the door after the manner of a peac[e]able citizen, if the intent be felonious, the law implies a forcible breaking of the barriers erected for the security of the dwelling." (citing 4 Blackstone, *supra*, 226)).

kidnapping statutes in Kansas,[7] Massachusetts,[8] and New Mexico.[9] On the other hand, we are unaware of a judicial interpretation of "force" or "forcibly" in a definition of kidnapping that includes only force capable of causing physical pain or injury. Thus, the interpretations of other kidnapping statutes lends further support to our conclusion that minimal force or no actual physical force is required to satisfy the "forcibly" element of kidnapping in Oklahoma.

Finally, Oklahoma defines the term "force" in its other penal laws to encompass any slight touching.[10] Thus, the term "force" in other crime definitions in Oklahoma includes degrees of force less than that capable of causing physical pain or injury to another person. *See Miranda-Ortegon*, 670 F.3d at 663; *United States v. Smith*, 652 F.3d 1244, 1247 (10th Cir. 2011); *United States v. Cruz*, No. 11-4212, 2012 WL 836135, at*4 (4th Cir. Mar. 14, 2012)

---

[7] *See State v. Tillery*, 606 P.2d 1031, 1034 (Kan. 1980) (holding that "force" element of state's kidnapping statute "may be accomplished by using minimal force").

[8] *See Commonwealth v. Boyd*, 897 N.E.2d 71, 75 (Mass. App. Ct. 2008) ("[T]he elements of the crime of kidnapping required the Commonwealth to prove beyond a reasonable doubt that the defendant [*inter alia*] forcibly confined the victim . . . . Forcible conduct includes acts of actual physical force or the display of potential force." (citing *Commonwealth v. Caracciola*, 569 N.E.2d 774 (Mass. 1991), in which the Supreme Judicial Council of Massachusetts held that the defendant's pretending to be a police officer and threatening to arrest the victim constituted "force")).

[9] *See State v. Clark*, 455 P.2d 844, 845-46 (N.M. 1969) ("'Kidnaping is the unlawful taking, restraining or confining of a person, by force or deception . . . . [We are not] persuaded that 'force' should be construed to mean violent or deadly force, as might be suggested. It could not have been the legislative intention to so limit the statute, for, many kidnappings are accomplished by the use of only minimal force, as, for example, where a child is abducted.").

[10] *See Miranda-Ortegon*, 670 F.3d at 663 ("[T]he Oklahoma Court of Criminal Appeals has held that 'only the slightest touching is necessary to constitute the "force or violence" element of battery.'" (quoting *Steele*, 778 P.2d at 931)); *id.* ("[T]he definition of 'force' in [Oklahoma's] uniform jury instructions for assault and battery offenses states: 'Any touching of a person regardless of how slight may be sufficient to constitute force.'" (quoting Okla. Jury Inst. 4-28)); *Steele*, 778 P.2d at 931 ("[W]hen addressing the degree of force necessary to constitute a robbery, the legislature has stated [that] the degree of force is immaterial." (citing 21 Okla. Stat. § 793 (1981)); *see also* 21 Okla. Stat. § 793 (2002) ("When force is employed [to commit a robbery] the degree of force employed is immaterial." (footnote omitted)).

(unpublished). It comports, therefore, with Oklahoma statutory and decisional law to apply this same definition of "force" to the term "forcibly" in the state's kidnapping statute. *See Steele*, 778 P.2d at 931 (Defining the element of "force" in battery by looking to the definition of "force" in other Oklahoma penal laws: "Adoption of the general rule that only the slightest force or touching is necessary to constitute the requisite element of force is consistent with . . . other statutory provisions regarding the definition of force."); *see also* 25 Okla. Stat. § 2 ("Whenever the meaning of a word or phrase is defined in any statute, such definition is applicable to the same word or phrase wherever it occurs, except where a contrary intention plainly appears."). Thus, interpreting the "forcibly" element of the Oklahoma offense of kidnapping to encompass any amount of force—not just force capable of causing physical pain or injury—is consistent with Oklahoma law.

**D.**

In sum, the elements of Najera-Mendoza's Oklahoma kidnapping conviction do not satisfy the generic, contemporary meaning of kidnapping; and there is strong legal authority that a defendant may "forcibly" kidnap another person under Oklahoma law without using "physical force" as defined by *Johnson*, i.e., "force capable of causing physical pain or injury to another person." 130 S. Ct. at 1271; *see also Flores-Gallo*, 625 F.3d at 822. Thus, Najera-Mendoza's Oklahoma kidnapping conviction does not satisfy either definition of "crime of violence" under U.S.S.G. § 2L1.2. In determining whether a prior offense is a crime of violence, we must apply a categorical approach, which permits us to look only at the statutory elements of the offense, and not at the defendant's underlying conduct. *Moreno-Florean*, 542 F.3d at 449. Therefore, we conclude that this prior offense was not a crime of violence, and

No. 11-50187

that the district court erred in enhancing Najera-Mendoza's sentence as if it were.

## II.

The dissent relies on the Sixth Circuit's decision in *United States v. Soto-Sanchez*, 623 F.3d 317 (6th Cir. 2010), to conclude that Najera-Mendoza's Oklahoma kidnapping offense includes an element of "physical force" because it required "forcible seizure and confinement." Dissent Op. at 5-6. However, that opinion is unpersuasive because it fails to follow *Johnson*. In *Soto-Sanchez*, the Sixth Circuit held that because the Michigan "false imprisonment kidnapping offense . . . requires that the victim be imprisoned or confined 'forcibly[,]' [b]y its clear terms, then, it 'has as an element the use, attempted use, or threatened use of physical force against the person of another.'" 623 F.3d at 325. That is the exact analysis though that the Supreme Court rejected in *Johnson*; instead, the Court held that to have an element of "physical force," the state-law offense must include an element that requires "force capable of causing physical pain or injury to another person." 130 S. Ct. at 1271. The Sixth Circuit did not cite or apply *Johnson* in its perfunctory analysis that the Michigan offense included an element of physical force.[11] By contrast, our court in *Miranda-Ortegon* applied the proper analysis, dictated by *Johnson*, and held that the inclusion of an element labeled "force" did not render the Oklahoma statute at issue there a crime of violence. 670 F.3d at 663-64. We are bound by this precedent of the Supreme Court in *Johnson* and our court in *Miranda-Ortegon*, not the erroneous analysis of the Sixth Circuit.

---

[11] The Sixth Circuit cited *Johnson* only for the proposition that "[t]his Court is bound by the Michigan Supreme Court's interpretation of state law, including its determination of the elements of a Michigan statute." *Soto-Sanchez*, 623 F.3d at 324 (citing *Johnson*, 130 S. Ct. at 1269).

No. 11-50187

The dissent also reasons that Najera-Mendoza's Oklahoma kidnapping offense must encompass only physical force of the type specified in *Johnson* because "Oklahoma separately criminalizes kidnapping, yet without a forcible seizure and confinement requirement, if the kidnapping occurs through inveigling." Dissent Op. at 6. Thus, in the dissent's view, the Oklahoma kidnapping statute encompasses only two kinds of conduct: kidnapping committed by inveiglement and kidnapping committed by violent force, *viz.*, force capable of causing physical pain or injury. But this overlooks the Supreme Court's explanation that there are types of force other than violent force. *Johnson*, 130 S. Ct. at 1270 (recognizing that the element of "force" in the common-law crime of battery could "be satisfied by even the slightest offensive touching"); *see also supra* notes 5-9 (citing cases recognizing that an element of "force" in the offense of kidnapping could be satisfied by minimal force). The dissent's interpretation of the Oklahoma statute would therefore lead to absurd results by creating a lacuna between kidnapping by inveiglement and kidnapping by violent force, *viz.*, force capable of causing physical pain or injury. Thus, for example, following the dissent's view, child snatching would not constitute kidnapping in Oklahoma because picking up a child from her stroller or carrying a child away from a nursery does not require force capable of causing physical pain or injury, nor does it involve inveigling. It is unsurprising that other courts have rejected such a narrow construction of state kidnapping statutes. *See, e.g.*, *State v. Clark*, 455 P.2d 844, 846 (N.M. 1969) ("[We are not] persuaded that 'force' should be construed to mean violent or deadly force, as might be suggested. It could not have been the legislative intention to so limit the statute, for, many kidnappings are accomplished by the use of only minimal force, as, for example, where a child is abducted."); *see also supra* notes 6-8. The maxim that "[a]bsurd results are to be avoided," *e.g.*, *McNeill v. United States*,

12

No. 11-50187

131 S. Ct. 2218, 2223 (2011) (internal quotation marks omitted), requires us to reject the dissent's view of Oklahoma's kidnapping statute.

## III.

For the foregoing reasons, we VACATE Najera-Mendoza's sentence and REMAND to the district court for resentencing.

No. 11-50187

HIGGINSON, Circuit Judge, dissenting.

Defendant Iveth Najera-Mendoza pleaded guilty to a two-count indictment charging her with attempting to reenter the United States unlawfully after removal, in violation of 8 U.S.C. § 1326, and knowingly personating another in immigration matters, in violation of 18 U.S.C. § 1546. At sentencing, the district court enhanced Najera-Mendoza's offense level by sixteen levels based on its conclusion that Najera-Mendoza's prior Oklahoma conviction for kidnapping was a conviction for a crime of violence within the meaning of section 2L1.2(b)(1)(A)(ii) of the United States Sentencing Guidelines.[1] Najera-Mendoza challenges that conclusion, which we review *de novo. See United States v. Cervantes-Blanco*, 504 F.3d 576, 578 (5th Cir. 2007). For the reasons that follow, I would affirm Najera-Mendoza's sentence.

For violations of 8 U.S.C. § 1326, section 2L1.2(b)(1)(A)(ii) of the Sentencing Guidelines provides for a sixteen-level increase to a defendant's base offense level when the defendant was previously deported following a conviction for a felony that is a crime of violence. The Sentencing Guidelines commentary, in turn, defines a crime of violence as (1) any offense in a list of enumerated offenses, which includes "kidnapping," or (2) "any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2 cmt. n.1(B)(iii).[2] We use "different tests when analyzing whether a particular offense amounts to a [crime of violence], and the test used depends on whether the offense is an

---

[1] "If the defendant previously was deported, or unlawfully remained in the United States, after . . . a conviction for a felony that is . . . a crime of violence . . . increase by **16** levels if the conviction receives criminal history points under Chapter Four . . . ." U.S.S.G. § 2L1.2(b)(1)(A)(ii).

[2] The commentary to § 2L1.2 is binding and is equivalent in force to the Guidelines language itself, as long as the language and the commentary are not inconsistent. *United States v. Rayo-Valdez*, 302 F.3d 314, 318 n.5 (5th Cir. 2002) (internal citations omitted).

14

enumerated one or has physical force as an element." *United States v. Moreno-Florean*, 542 F.3d 445, 449 (5th Cir. 2008) (citing *United States v. Mendoza-Sanchez*, 456 F.3d 479, 481-82 (5th Cir. 2006)).

"In determining whether the [state] crime at issue here is the enumerated offense of 'kidnapping,' we look to the 'generic, contemporary' meaning of kidnapping, employing a 'common sense approach' that looks to the Model Penal Code, the LaFave and Scott treatises, modern state codes, and dictionary definitions." *United States v. Iniguez-Barba*, 485 F.3d 790, 791 (5th Cir. 2007) (internal citations omitted). "When comparing the state conviction with the generic, contemporary meaning of the crime, we examine the elements of the statute of conviction rather than the specifics of the defendant's conduct. We look only to the particular subdivision of the statute under which the defendant was convicted." *United States v. Fierro-Reyna*, 466 F.3d 324, 327 (5th Cir. 2006) (citing *United States v. Fernandez-Cusco*, 447 F.3d 382, 385 (5th Cir. 2006)).[3]

"In determining whether an offense has as an element the use, attempted use, or threatened use of physical force against the person of another, this court uses the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575, 600-02 (1990), and examines the elements of the offense, rather than the facts underlying the conviction." *Mendoza-Sanchez*, 456 F.3d at 482.

Importantly in this case, when considering whether an offense is an enumerated one or has physical force as an element, if the statute of conviction contains a series of disjunctive elements, this court may look beyond the statute to certain records made or used in adjudicating guilt to determine which subpart

---

[3] Under current law, state-law designations do not control this inquiry because "[t]he crime-of-violence enhancement incorporates crimes with certain elements, not crimes that happen to be labeled 'kidnapping' . . . under state law." *United States v. Gonzalez-Ramirez*, 477 F.3d 310, 313 (5th Cir. 2007). "'When the statute of conviction encompasses prohibited behavior that is not within the plain, ordinary meaning of the enumerated offense,' the conviction is not a crime of violence as a matter of law." *Fierro-Reyna*, 466 F.3d at 327 (quoting *United States v. Izaquirre-Flores*, 405 F.3d 270, 276-77 (5th Cir. 2005)).

15

No. 11-50187

of the statute formed the basis of the conviction. *United States v. Mungia-Portillo*, 484 F.3d 813, 815 (5th Cir. 2007). In this case, the parties agree that Najera-Mendoza's kidnapping conviction occurred pursuant to Oklahoma Statute title 21, section 741, which defines kidnapping disjunctively as:

> Any person who, without lawful authority, forcibly seizes and confines another, or inveigles or kidnaps another, with intent, either:
>
> First. To cause such other person to be confined or imprisoned in this state against the will of the other person; or
>
> Second. To cause such other person to be sent out of this state against the will of the other person; or
>
> Third. To cause such person to be sold as a slave, or in any way held to service against the will of such person
> . . . .

21 OKLA. STAT. ANN. § 741. Since the statute contains several disjunctive elements, we look to the charging document to see which subpart formed the basis of the conviction in order to classify it as a crime of violence. *See Mungia-Portillo*, 484 F.3d at 815.

On November 18, 2008, Oklahoma filed a Second Amended Information charging Najera-Mendoza with kidnapping, "on or about the 4th day of May, 2008, by forcibly seizing R.G. from the City of Oklahoma City, Oklahoma County, Oklahoma, and confining R.G. in a residence located at 310 E. 5th Street, City of Hennessey, Kingfisher County, Oklahoma, without lawful authority and with the intent to cause R.G. to be confined/imprisoned against his will . . . ."

On April 16, 2009, Najera-Mendoza pleaded guilty to violating 21 OKLA. STAT. ANN. § 741. In Oklahoma, "[a] plea of guilty admits the facts pleaded in

the Information." *Collins v. Oklahoma*, 521 P.2d 826, 828 (Okla. Crim. App. 1974). Accordingly, through reference to the charging document and the subsequent guilty plea, the statute of conviction can be narrowed to: "Any person who, without lawful authority, forcibly seizes and confines another . . . with intent . . . [t]o cause such other person to be confined or imprisoned against the will of the other person . . . ."

We have not previously addressed whether a kidnapping offense that explicitly requires not only a showing of forcible seizure and forcible confinement, but also a state of mind to confine the kidnapped person against that victim's will, satisfies the "use of physical force" element for § 2L1.2(b)(1)(A)(ii) crime of violence enhancement purposes.[4] A review of Oklahoma caselaw provides no decisive guidance as to whether forcibly seizing and confining, with intent to confine against the victim's will, necessarily equates to physical force, yet our court, applying Supreme Court law, has made clear that physical force in this context means "violent force–that is, force capable of causing physical pain or injury to another person." *See United States v. Flores-Gallo*, 625 F.3d 819, 823 (5th Cir. 2010) ("'physical force' in the context of defining a 'crime of violence' for purposes of construing the Sentencing

---

[4] In *United States v. Moreno-Florean*, 542 F.3d 445 (5th Cir. 2008), we considered a kidnapping statute from California that also contained the word "forcibly." *Id.* at 449-50. Precisely because we were unable to narrow the statute of conviction through reference to the guilty plea and the abstract of judgment to one involving force, we were required to consider "'whether the least culpable act constituting a violation of that statute constitutes 'kidnapping' for the purposes of U.S.S.G. § 2L1.2." *Id.* at 452 (quoting *Gonzalez-Ramirez*, 477 F.3d at 315-316). Because kidnapping pursuant to Cal. Penal Code § 207(a), with all its disjunctive elements, could be accomplished without committing the offense "forcibly," we held that the defendant's conviction did not satisfy the "use of physical force" element of U.S.S.G. § 2L1.2 under the categorical approach. *Id.* Opposite to *Moreno-Florean,* however, through reference to the charging document and the subsequent guilty plea**,** we are able to narrow Najera Mendoza's statute of conviction to a forcible seizure and confinement, with intent to confine against the victim's will, as distinct from kidnapping through inveiglement.

Guidelines requires 'force capable of causing physical pain or injury to another person.'") (quoting *Johnson v. United States*, 130 S.Ct. 1265, 1271 (2010)).

Needless to say, every forcible seizure and forcible confinement kidnapping prosecution reported in Oklahoma caselaw involves physical force, indeed, force that is physical, force that is more than minimal, and force that is capable of pain and injury, hence violent under any conception of violence. Tragically, too many involve rape and murder. Perhaps more instructively, no forcible seizure and forcible confinement kidnapping prosecution reported in Oklahoma caselaw involves force that is a mere slight touch-and-take, say of an infant too young to understand its circumstance, which some might conceive to be incapable of causing pain or injury. Perhaps because of this reason—the incongruity of declaring forcible confinement non-forceful—the Sixth Circuit recently held that Michigan's nearly identical kidnapping statute has as an element of the offense "the use, attempted use, or threatened use of physical force against another." In *United States v. Soto-Sanchez*, 623 F.3d 317 (6th Cir. 2010), the court was presented with an older version of Michigan's kidnapping statute, which criminalized "forcibly confining or imprisoning any other person within the state against his will[,]" if done wilfully, maliciously, and without lawful authority. *Id.* at 323-24 (citing *People v. Wesley*, 365 N.W.2d 692, 694-95 (Mich. 1984) and *People v. Jaffray*, 519 N.W.2d 108, 113 (Mich. 1994)). The Sixth Circuit recognized that the Michigan and Oklahoma kidnapping statutes, unlike many other states' kidnapping statutes, permit the forcible confinement of the victim without any other aggravating factors to be sufficient for a charge of kidnapping. *Id.* at 323-24. Nevertheless, the Sixth Circuit concluded:

> The false imprisonment kidnapping offense under §
> 750.349, however, requires that the victim be
> imprisoned or confined "forcibly." By its clear terms,
> then, it "has as an element the use, attempted use, or
> threatened use of physical force against the person of

No. 11-50187

> another." *See* U.S.S.G. § 2L1.2 cmt. n. 1(B)(iii). In this way, it still qualifies as a crime of violence subjecting [the defendant] to a sixteen-level enhancement to his offense level under the residual clause to the definition of "crime of violence" in § 2L1.2. *See id.*

*Id.* at 325 (footnote omitted).

I find this conclusion strong and forcible and applicable to Najera-Mendoza's sentencing and specifically her prior kidnapping conviction as limited to the Section § 741's forcible seizure and confinement subdivision, coupled with an intent to confine against the victim's will. I think this conclusion is reinforced by the fact that Oklahoma separately criminalizes kidnapping, yet without a forcible seizure and confinement requirement, if the kidnapping occurs through inveigling. Oklahoma's criminal pattern jury instructions and caselaw explain that kidnapping through inveiglement comprehends takings of others through trickery, inclusive of minimal physical force seizures of other people. Oklahoma Uniform Jury Instructions - Criminal § 4-110 (2010), Committee Comments (citing *Ratcliff v. State*, 289 P.2d 152 (Okla. Crim. App. 1955) (12-year-old girl enticed into a car and held there by a man whom she thought to be a friend)). Najera-Mendoza's guilty plea to kidnapping, again, we properly must discern, was to Oklahoma's subdivision which requires a forcible seizure and confinement, coupled with the intent to confine against a victim's will. Accordingly, I would hold that the district court did not err in determining that Najera-Mendoza's prior conviction for kidnapping was a crime of violence for purposes of sentence enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii).[5]

---

[5] Because I conclude that Najera-Mendoza's kidnapping conviction has "as an element, the use, attempted use, or threatened use of physical force against the person of another," as is required by the catch-all prong of the crime of violence definition, I do not reach whether the conviction matches Section 2L1.2's enumerated offense of kidnapping. To be sure, Oklahoma's kidnapping statute comprehends *less* variability even than federal kidnapping under 18 U.S.C. § 1201(a), but state kidnapping convictions bedevil sure analysis about when kidnapping is kidnapping under the enumerated crime of kidnapping as shown by the complexity of outcomes described in *Moreno-Florean*. 542 F.3d at 452-56.